VIRGINIA BRIDGE & IRON CO. v. TOWNSVILLE RAILROAD CO.

(Filed 24 February, 1926.)

**Appeal and Error—Insufficiency of Case—Remand.**

Where the case on appeal does not disclose whether one signing an obligation does so as agent of the corporation principal or as guarantor of payment, the case will be remanded, when such is essential to passing upon the question as to the bar of the statute of limitations presented by the appeal.

APPEAL by defendant from *Sinclair, J.,* at October Term, 1925, of VANCE.

On 23 April, 1920, the plaintiff and the defendant executed a written contract, under the terms of which the plaintiff constructed for the defendant on the line of its railroad a single-track steel bridge 137 feet in length. The agreed price was 6.95 cents a pound payable, 25% when complete shipment was made and 25% in 60, 90, and 120 days thereafter. Below the signature of the contracting parties was attached the following stipulation: "In consideration of the fact that the Virginia Bridge & Iron Company has executed the foregoing contract, I do hereby guarantee to the said Virginia Bridge & Iron Company that the Townsville Railroad Company will make all payments to be due or to become due under said contract as follows: 25% in cash when shipment is made, and the balance in three equal payments 60 days, 90 days and 120 days thereafter. When shipment is made I will give the Virginia Bridge & Iron Company my negotiable notes for the three deferred payments, said notes to draw interest at 6% per annum after maturity. Witness my hand and seal this 5 May, 1920. J. R. Paschall (Seal)." J. R. Paschall is not a party to this action. The plaintiff alleged and offered evidence tending to show that certain payments had been made on the contract price; that is, on 4 January, 1921, $586.55; on 4 April,

1921, $1,200; and 3 June, 1921, $880; on 1 September, 1921, $1,000; leaving an unpaid balance of $10,000; and that payments of interest had been made down to and including 15 July, 1922. There was evidence that the payments were made by Paschall and that he gave his notes for the debt after the completion of the work, and that after the maturity of the notes and Paschall's default he gave the plaintiff collateral security of the par value of $7,500. The plaintiff alleged that Paschall was a large creditor of the defendant and offered testimony to show that he was the defendant's treasurer and that he represented the defendant in making the contract.

*Scott & Buchanan and T. T. Hicks & Son for plaintiff.*
*J. H. Bridgers for defendant.*

PER CURIAM. The defendant contends that it was discharged from liability by reason of the contract between the plaintiff and Paschall; that the relation between these two created an obligation which was separate and distinct from that of the defendant; that all payments were made by Paschall as guarantor; and that the plaintiff's claim against the defendant is barred by the statute of limitations. *Coleman v. Fuller,* 105 N. C., 328.

A trial by jury was waived and the presiding judge found these facts: the action was begun 26 August, 1924; the defendant has not been released from its obligation; that the payments were made by Paschall; and the balance due is $10,000 with interest from 15 January, 1922. His Honor held that the plaintiff's cause of action against the defendant is not barred.

We are left somewhat in doubt as to the import of the finding that the payments were made by Paschall. It appears that Paschall was treasurer of the defendant and as such was instrumental in the execution of the contract; but it does not distinctly appear whether Paschall made all or any of the payments in his capacity as guarantor or in his capacity as treasurer of the defendant. There is another point. In the written contract Paschall guaranteed payment; in the case on appeal, which was agreed to by the attorneys, it is said there was evidence of an agreement that he should become surety. Before deciding whether the claim is barred we prefer to have a more complete disclosure of the facts relating to these two questions. The case is therefore remanded for a further finding of the facts.

Remanded.