LEWIS COLEMAN v. D. W. FULLER.

*Guaranty—Statute of Limitations.*

1. The contract of a guarantor is a separate and distinct obligation from that of the principal debtor, and it is immaterial that the guaranty is written upon the same paper as the original obligation. His liability is not that of a surety.

2. An action upon a guaranty under seal is not barred until ten years after the cause of action accrues.

(DAVIS, J., dissenting.)

CIVIL ACTION, originally begun before a Justice of the Peace, tried at Fall Term, 1889, of JOHNSTON Superior Court, before *Armfield, J.*

A jury trial was waived and the case heard by the Court. Plaintiff sued on the following bond and guaranty:

"$100.              SMITHFIELD, N. C., Sept. 27, 1881.

"Twelve months after the completion of the Midland North Carolina Railway from Goldsboro to Smithfield, and the arrival of the first train at the depot, within three-fourths of a mile of the court-house at Smithfield, I promise to pay W. J. Best, President of said Railway Company one hundred dollars, with interest from the date of said completion, in consideration of the running of said road to or near Smithfield.

              (Signed)          "J. E. EARP." [Seal.]

"I guarantee payment of the foregoing bond, September 27, 1881.

              (Signed)          "D. W. FULLER." [Seal.]

It was admitted that the road was completed from Golds-boro to Smithfield on the 12th of July, 1882, and that the first train arrived at a depot within three-fourths of a mile of the court-house at Smithfield on said day.

The only contention was whether the action is barred as to D. W. Fuller.

His Honor ruled that it was, and gave judgment against plaintiff for costs. Plaintiff excepted and appealed.

*Mr. R. O. Burton,* for plaintiff
*Mr. C. M. Busbee,* for defendant.

SHEPHERD, J.: The single question presented in this appeal is whether the action is barred, as to the defendant Fuller, by the statute of limitations.

*The Code,* §152, par. 2, provides that "an action upon a sealed instrument against the principal thereto must be commenced within ten years after the cause of action accrues."

The guaranty executed by the defendant Fuller is under seal, and is written at the foot of the bond which was executed by the defendant Earp.

It is contended by Fuller, the appellant, that he is not a principal to "a sealed instrument" within the above pro-vision of *The Code,* but that he is simply a surety to the bond, and, as such, is within the principle of *Welfare* v. *Thompson,* 83 N. C., 276, and other similar decisions which apply the three-years' statute of limitations.

This leads us, therefore, to the consideration of the nature and liability of the contract of guaranty. A guaranty is a contract in and of itself, but it also has relation to some other contract or obligation with reference to which it is col-lateral. Anderson Law Dict.; *Carpenter* v. *Wall,* 4 Dev. & Bat., 144.

"A surety is bound with his principal as an original promissor. * * * On the other hand, the contract of a guarantor is his own *separate contract.* * * * It is in the nature of a warranty by him that the thing guaranteed to be done by the principal shall be done, and not merely an engagement, jointly, with the principal to do the thing." Baylies' Sureties and Guarantors, 4   A "guarantor is not an endorser or surety." 2 Rand Com. Paper, § 849. " The surety's promise is to pay a debt, which becomes his own debt when the principal fails to pay it. * * * But the guarantor's debt is always to pay the debt of another, * * * but he 'is not an endorser nor a surety.' " 2 Parsons' Notes and Bills, 117–118. " A guaranty is a special contract, and the guarantor is not in any sense a party to the note." *Lamorieux* v. *Hewit,* 5 Wend , 307; *Ellis* v. *Brown,* 6 Barb., 282; *Miller* v. *Gaston,* 2 Hill, 188–190; Story on Prom. Notes, § 3. It is a special contract, and must be specially declared on. 1 Chit., p. 1; Baylies, *supra,* 4.

These authorities very abundantly show that the contract of a guarantor is a separate and distinct obligation. Fuller is no party to the bond of Earp, and, as to his contract of guaranty, he cannot be regarded otherwise than as principal. If this were not so, we would have the anomaly of a contract with only one contracting party.

It is said, however, that there is a distinction, growing out of the fact that the guaranty is written upon the same paper as the bond. This does not in the least alter the character of the obligation. *Lamorieux* v. *Hewit, supra.* " The engagement or contract of guaranty may be, and often is, written on the back of the note or bill, but it may as well, so far as the guaranty is concerned, be written on a separate piece of paper." 2 Parsons, *supra,* 119. This feature becomes material only upon questions arising upon the negotiability or assignment of such contracts. No such questions are involved in this appeal.

COLEMAN *v.* FULLER.

We conclude that Fuller is not a surety to the bond, but a principal to the guaranty—"a sealed instrument"—and, this being a separate contract, the suit is not barred until ten years after the cause of action accrued.

*Per Curiam.*                                                              Error.

DAVIS, J.—dissenting: At the bottom of Earp's note or bond, is the following:

"I guarantee payment of the foregoing bond.   Sept. 27th, 1881.

(Signed)               " D. W. FULLER."   [Seal]

There is only one promise to pay, and that is by Earp to Best.   Earp is, unquestionably, the only *principal* to that obligation.   Fuller guarantees the payment, and that, it is said, is a distinct undertaking—a special contract—to which he is *principal*.   But the guarantee itself is only for the payment of the debt which Earp, the *principal*, has promised to pay, and is not a primary obligation.   Earp is *principal* to the thing *guaranteed*, and if you eliminate his promise, Fuller was promised to do nothing.   He is not primarily liable for the debt.   He is not the *principal* to any promise to pay money.   He is not the *principal* in the one, and only one, "sealed instrument" promising to pay money, and if he is to be held liable on a separate and independent contract or undertaking, then there was a collateral security, and, as insisted in the answer, as it was by Mr. Busbee in his argument, it was not assignable.

We are construing the instrument in view of a statute, which, it seems to me, was plainly intended to limit only the liability of the "*principal*" to a contract under seal to ten years, and to limit the liability of all persons secondarily liable, whether under seal or not, to three years.   It seems to me that there was only *one principal* to the obligation to pay Best the $100, and that *principal* was Earp.   I am not

sure that a guarantor is ever called a *principal*, as to the thing guaranteed to be done, and whether you call him *guarantor* or surety to the original and *principal* obligation, I think neither the spirit nor the letter of section 152, subsec. 2, of *The Code*, makes him " principal thereto."

Judge DANIEL says: " A guaranty is a promise to answer the payment of some debt, or the performance of some duty, in case of the failure of another person who is himself, in the first instance, liable to such payment or performance." *Carpenter* v. *Wall*, 4 D. & B., 144   I think this *other person* is everywhere, and in all cases, spoken of as the *principal.*   I do not think a case can be found in which the *guarantor* for the payment of another is spoken of as *principal.*   It is said that the contract of guaranty is co-extensive with that of the *principal.*   The answer is, so is that of any other *surety* under seal, but for our *statute*—and it is that which makes the distinction between the limit of the liability of the principal and the *person bound* to answer for him—whether as surety or (I think) guarantor, for the judgment.

Baylus on Surety and Guaranty, throughout, speaks of the relation between the parties as surety and *principal*, guarantor and *principal*, and of *contracts* of guaranty and *contracts* of surety, and he also says that " if the guaranty is made with one person it cannot be extended to another."   Sections 146, 113, 133, 147.

Would not Fuller, in an action against him and Best, or against him and Best's assignee, be entitled to the benefits of §§ 2100 and 2101 of *The Code?*   Would he not have the right to show in what relation he stood to the parties, and that he was only surety for the payment of the $100, and that it was so understood by the parties?   That he was not principal?   *Welfare* v. *Thompson*, 83 N. C., 276; *Lowder* v. *Noding*, 8 Ired. Eq., 208.   I think that in this case it sufficiently appears that the guarantor, as is often the case in single guaranties for the payment of money by another, is

really a surety, and only a surety, for the *principal;* and if that were not the fair and necessary construction of the instrument, he would have a right to show that it was so intended and so understood by the parties, and that he would have the right to show this by parol. *Welfare* v. *Thompson, supra.*

I think there was no error in the ruling of the Judge below.