JAMES G. TINSLEY v. JESSE F. HOSKINS.

*Stipulation for Collection of Fee in Promissory Note—Public Policy.*

A stipulation in a promissory note "that in case this note is collected by legal process the usual collection fee shall be due and payable," is not consistent with public policy, and is therefore not enforceable in our Courts.

This was a CIVIL ACTION, tried at the February Term of GUILFORD Superior Court, before *Whitaker, J.,* upon appeal from a Justice of the Peace

The facts may be gathered from the opinion of the Court.

*Mr. L. M. Scott* (by brief), for plaintiff.
*Mr. J. A. Barringer,* for defendant.

SHEPHERD, C. J.: The defendant executed to the plaintiff a promissory note for the sum of $146.35, payable on the 1st of July, 1889, "with legal interest from maturity," and it was stipulated therein "that in case this note is collected by legal process, the usual collection fee shall be due and payable therewith."

The sole question presented for review is whether such a stipulation is valid and enforceable. The point has never been passed upon by this Court, and there is some conflict of judicial decisions upon the subject in other States. We think, however, that the ruling of his Honor is sustained by

the better reasoning, as well as by a decided preponderance of authority.   In *The Merchants National Bank* v. *Sevier*, 14 Fed. Rep., 662, it is declared that "such a provision is a stipulation for a penalty or forfeiture, tends to the oppression of the debtor and to encourage litigation, is a cover for usury, is without any valid consideration to support it, contrary to public policy and void."   To the same effect are the cases of *Meyer* v. *Hart*, 40 Mich., 517; *Toole* v. *Stephen*, 4 Leigh., 581; *Boozer* v. *Anderson*, 42 Ark., 167; *Shelton* v. *Gill*, 11 Ohio, 417; *Martin* v. *Trustees*, 13 Ohio, 250; *Dow* v. *Updike*, 11 Neb., 95.

In *Bullock* v. *Taylor*, 39 Mich , 137, Justice COOLEY uses the following very forcible language: "A stipulation for such a penalty, we think, must be held void.   It is opposed to the policy of our laws concerning attorney's fees, and it is susceptible of being made the instrument of the most grievous wrong and oppression.   It would be idle to limit interest to a certain rate, if under another name forfeiture may be imposed to an amount without limit.   The provision in those notes is as much void as it would have been, had it called the sum unpaid by its true name of forfeiture or penalty."

In *Witherspoon* v. *Musselman*, 14 Bush., 214, the agreement was to pay a reasonable attorney's fee in the event of the note being "collected by suit."   The Court placed its refusal to enforce such contracts upon the ground that "they are not only in the nature of penalties, but that they are contrary to public policy and tend to encourage litigation."

A discriminating writer in the American Law Review (No. 14, page 858) remarks: "It seems to us to be more consistent with public policy to consider such agreements as absolutely void.   They can readily be used to cover usurious agreements, and excessive exactions may be under the guise of an attorney's fee."

Mr. Daniel, in his work on Negotiable Instruments (1 Vol., § 62*a*), expresses the opinion that, "unless there be some

statute under which such stipulations are permissive, it certainly tends to the oppression of debtors to sanction their incorporation in commercial instruments, and they are, therefore, against the policy of the law, and void."

In consideration of the foregoing authorities, and in view of the serious evils that may result from such an innovation, we are of the opinion that stipulations like the one now sued upon, when incorporated into obligations of this particular character, are against public policy and therefore invalid.

MacRae, J., dissents.                    Judgment Affirmed.