ROUSE v. WOOTEN.

(Filed March 20, 1906).

*Principal and Surety—Notice of Dishonor—Negotiable Instruments—Primary Liability.*

1.  A surety on a note is not discharged from liability by reason of the fact that he was not given notice of its dishonor.

2.  Under Rev., sec. 2342, the liability of a surety is primary, for he is, by the terms of the instrument, absolutely required to pay the same.

ACTION by N. J. Rouse and another against Shade Wooten, heard by *Judge W. R. Allen* and a jury, at the November Term, 1905, of the Superior Court of LENOIR. From a judgment for the plaintiffs, the defendant appealed.

The action was brought to recover the amount of a note payable to the plaintiff and signed by E. A. Hinson, as principal, and the defendant as surety. The issues submitted to the jury with their answers thereto were as follows: "1. Did the defendant execute the note sued on for value? Ans. Yes. 2. If so, did he execute said note as surety? Ans. Yes. 3. If so, was this fact known to the plaintiff? Ans. Yes. 4. If so, was said note paid at maturity? Ans. No. 5. If so, did plaintiffs give notice to the defendant of the non-payment of said note? Ans. No. 6. If not, did plaintiffs give such notice to defendant thereafter, and if so, when? Ans. In doubt as to time, but about January after maturity of note." The execution of the note was admitted. There was no exception to evidence or to the charge of the court. The defendant moved for judgment upon the verdict, which motion was overruled and he excepted. Plaintiff then moved for judgment; his motion was allowed and judgment entered upon the verdict for him. Defendant excepted and appealed.

*Loftin & Varser* and *G. V. Cowper* for the plaintiffs.

*Wooten & Wooten* and *Shepherd & Shepherd* for the defendant.

Walker, J. The defendant's contention is that he was discharged from liability on the note by reason of the fact that he was not given due notice of its dishonor, and he relies upon section 2239 of the Revisal to sustain his position. It appears from the face of the paper, that it is a note and not a bill, and that defendant was not either a drawer or endorser, who are alone mentioned in that section. The jury in their verdict find that he was simply a surety. His counsel in their brief refer to section 2213 to show that defendant is not primarily liable on the note, but he is not in any sense an endorser, as he is a party to the note, and that section, therefore, has no bearing on the case. We infer from the course of the argument that some reliance was placed on section 2219, dispensing with presentment for payment where it is sought to charge the person primarily liable on a negotiable instrument, the argument deduced therefrom being that presentment is necessary where the party is secondarily liable and that defendant's liability is of that character. While we do not think the question is distinctly presented, as there is nothing in the verdict concerning presentment for payment, it is a matter of general importance and we will therefore consider it.

The negotiable instrument law (chap. 54 of the Revisal), which is an admirable compilation of the principles relating to the subject, clearly points out the well settled distinction between persons primarily liable and those secondarily liable on commercial paper. "The person primarily liable on an instrument is the person who by the terms of the instrument is absolutely required to pay the same. All other parties are secondarily liable." Section 2342. A surety comes squarely within the definition of a person whose liability is

primary, for he is, by the terms of the instrument, absolutely required to pay the same. In *Shaw v. McFarlane,* 23 N. C., 216, it is held that if two persons are bound by a bond or judgment for the payment of a sum of money, the one is liable to the creditor in the same manner and to the same extent as the other, though, as between themselves, they may stand as principal and surety. "In respect to the creditor they are joint debtors fixed with the same obligations, and and what discharges one discharges the other and nothing less." A surety's obligation is thus defined in Brandt on Suretyship & Guaranty (3 Ed.), sec. 2: "A surety is usually bound with his principal by the same instrument, executed at the same time and on the same consideration. He is an original promisor and debtor from the beginning, and is held ordinarily to know every default of his principal." *Mfg. Co. v. Kimmel,* 87 Ind., 566. It is there further said that he is not entitled to presentment or to notice of dishonor, and that he is in the first instance answerable for the debt for which he makes himself responsible and is directly and equally bound with his principal and must take notice of his default. *Neal v. Freeman,* 85 N. C., 441. The court, by *Ashe, J.,* in *Williams v. Glenn,* 92 N. C., 255, said: "As between the makers of a promissory note and the holder, all are alike liable and all are principals," citing *Robinson v. Lyle,* 10 Barbour (N. Y.), 512. The court then proceeds to say that, as between themselves, the true relation of the parties as principal and surety may be shown and their rights depend upon principles other than those stated. The distinction between a primary and secondary liability is well stated and illustrated in *Coleman v. Fuller,* 105 N. C., 328, where it is said that a surety is bound with his principal as an original promisor, but the contract of a guarantor is his own separate contract and a warranty that what is promised by the principal shall be done and not merely an engagement jointly with the principal to do the thing. "The surety's promise is to pay

a debt, which becomes his own when the principal fails to pay it." To the same effect are the cases of *Woody v. Haworth,* 57 N. E. Rep., 272, and *Nading v. McGregor,* 6 L. R. A., 686. So in *Bell v. Howerton,* 111 N. C., 70, the court declared the principle to be that "the duty of performing the contract, or seeing that it is performed, is on the surety, and that he cannot require the creditor to assume any part of the burden which he has made his own."

The question we now have before us was directly involved in *Kearnes v. Montgomery,* 4 W. Va., 29, and the court thus defined the relation of a surety to the creditor: "The contract of a guarantor is collateral and secondary. It differs in that respect from, the contract of a surety, which is direct; and in general the guarantor contracts to pay if, by the use of due diligence, the debt cannot be made out of the principal debtor; while the surety undertakes for the payment, and so is responsible at once if the principal debtor makes default." *Hall v. Weaver,* 34 Fed. Rep., 104. The court, in *Hammel v. Beardsley,* 31 Minn., 315, draws the distinction sharply in these words: "We have not overlooked the technical distinction between the undertaking of a surety, which is primary, and that of a guarantor properly so-called, which is collateral and secondary. But one who absolutely guarantees payment of the debt is in every respect essentially a surety." Substantially the same expression is used in *Bank v. Richards,* 35 Vt., 284, where it is said: "A surety is an original maker, and becomes primarily and absolutely liable, as much so as the principal, to any party lawfully holding the paper." *Ballard v. Burton,* 16 L. R. A., 667. As we have shown, a surety is in law generally regarded as a maker of the note, and in *Hunt v. Johnson,* 96 Ala., 135, it is held, in accordance with familiar and elementary principles, that the maker of a promissory note is "the primary debtor" and is not entitled to presentment or demand for payment before suit is brought. His obligation to pay is absolute and in no sense

dependent upon a demand after maturity. The doctrine is succinctly stated in *McIntosh v. Reed,* 89 Fed. Rep., 466, where it is said that a surety undertakes to pay if the debtor does not, while in a collateral undertaking, like a guaranty, the undertaking is to pay if the debtor cannot. In the one case, there is a direct liability for the act to be performed, while in the other there is a liability for the ability only of another to perform the act. "Suretyship is a direct contract to pay the debt of another. It insures the particular claim." *Reigart v. White,* 52 Pa., 440. Indeed, in *Kilton v. Tool Co.,* 22 R. I., 611, *Douglass, J.,* for the court, said that "the words 'primary and direct' contrasted with 'secondary,' when spoken of an obligation, refer to the remedy provided by law for enforcing the same rather than to the character and limits of the obligation itself." Whether this is the meaning of those words as used in our statute, we need not inquire, for if it is, the remedy against the surety being direct and immediate, his liability within the sense given to the word by that court would still be "prmary." 2 Parsons Bills & Notes (1871), p. 118. The text writers are equally explicit in assigning the undertaking of a surety to the class of primary liabilities. "A surety is liable as much as his principal is liable, and absolutely liable as soon as default is made, without any demand upon the principal whatsoever or any notice of default. 2 Daniel Neg. Inst. (5 Ed.), sec. 1753; Tiedeman on Commercial Paper, sec. 415." "A surety is liable absolutely as principal upon default." 2 Randolph Com. Paper (2 Ed.), sec. 849; "A surety undertakes primarily, to pay if the debtor does not. A guarantor undertakes secondarily to pay if the debtor cannot." *Ibid.,* note 2; *Dart v. Sherwood,* 76 Am. Dec., 228; *Kramph v. Hatz,* 52 Pa. St., 525. "It must be remembered (it is said in 2 Parsons on Bills & Notes, Ed. 1871, at page 118), that while a surety of a note is generally a maker, a guarantor is never a maker. The surety's promise is to pay a debt, which be-

comes his own debt when the principal fails to pay it, and the surety may therefore be sued at once as soon as the note is due and dishonored."

We find nothing in the nogotiable instrument law to sustain the defense set up, either when that law is considered alone or when it is read in the light of established principles.

No Error.