(83 South. 892)

No. 22394.

CONTINENTAL SUPPLY CO. v. TUCKER-ROSE OIL CO. et al.

(Feb. 2, 1920. Rehearing Denied March 1, 1920.)

*(Syllabus by Editorial Staff.)*

1. GUARANTY ☞36(5)—OF PURCHASE PRICE PAYMENT COVERS ALL GOODS SOLD UP TO SPECIFIED AMOUNT.

Personal guaranty of officers of buyer corporation of payment of purchase price "for such goods, wares and merchandise as you shall sell to the said T. (buyer corporation), but we shall not be liable to you under the terms of this guaranty for any sum in excess of $2,800.00," *held* to cover all goods sold up to specified amount, regardless of when sold, and not merely the first $2,800 worth of goods sold.

2. GUARANTY ☞27 — CONSTRUED ACCORDING TO INTENTION OF PARTIES.

A safe rule of construction of a guaranty is to give the instrument that effect which shall best accord with the intentions of the parties, as manifested by the terms of the guaranty, taken in connection with the subject-matter to which it relates; neither enlarging the words beyond their import in favor of the creditor, nor restricting them in the aid of the surety.

3. GUARANTY ☞36(9), 41—GUARANTORS NOT LIABLE FOR INTEREST AND ATTORNEY'S FEES UPON PRINCIPAL'S FAILURE TO PAY NOTE PROVIDING THEREFOR.

Where officers of buyer corporation guaranteed payment of purchase price up to certain amount without guaranteeing interest and attorney's fees, they were not liable for interest and attorney's fees upon buyer's failure to pay purchase price note for stipulated amount providing for payment of interest and attorney's fees.

Appeal from First Judicial District Court, Parish of Caddo; R. D. Webb, Judge.

Action by the Continental Supply Company against the Tucker-Rose Oil Company and Joseph H. Tucker and Henry Rose. Judgment of dismissal as to two last named defendants, and plaintiff appeals. Reversed and rendered.

J. S. Atkinson, of Shreveport, for appellant.
Herndon & Herndon, of Shreveport, for appellees.

SOMMERVILLE, J. Plaintiff sued defendant company on a promissory note and an open account. A judgment by default was confirmed, from which defendant company has not appealed.

Joseph H. Tucker, president, and Henry Rose, vice president, of the defendant company, were sued on this same note and open account and on a written contract of surety-

ship guaranteeing the payment of same to the extent of $2,800.

There was judgment in favor of Tucker and Rose, dismissing plaintiff's suit as to them, and plaintiff has appealed.

The act of guaranty reads in part as follows:

"Shreveport, La. 5/22/15.

"The Continental Supply Co., Third National Bank Building, Saint Louis, Missouri—Gentlemen: In consideration of your selling on credit to Tucker-Rose Oil Co., Inc., of the town of Shreveport, state of Louisiana, goods, wares and merchandise as may be agreed upon between you and said Tucker-Rose Oil Co., Inc., and in consideration of the sum of one dollar in hand paid by you to us, the receipt whereof is hereby acknowledged, we, the undersigned, Henry Rose and Joseph H. Tucker, of the town of Shreveport, state of Louisiana, hereby jointly and severally guarantee the payment to you of the purchase price for such goods, wares and merchandise as you shall sell to the said Tucker-Rose Oil Co., Inc., but we shall not be liable to you under the terms of this guaranty for any sum in excess of $2,800.00."

The language of the contract appears to be clear and explicit to the effect that defendants would not be liable to plaintiff for any sum in excess of $2,800, and this suit is for less than that sum.

The district judge declared the language to be ambiguous, and ruled, with defendants, that the intention of the parties was that defendant should be liable for the first $2,800 worth of merchandise bought by the defendant company from plaintiff, and that, as the first $2,800 worth of merchandise bought by the defendant company from plaintiff had been paid for, Tucker and Rose were not further bound under the contract of guaranty.

[1] If such was the intention of the parties, it is not expressed in the contract; and the language used therein excludes such intention. The contract says:

We "hereby jointly and severally guarantee the payment to you of the purchase price for such goods, wares and merchandise as you shall sell to the said Tucker-Rose Oil Co., Inc., but we shall not be liable to you under the terms of this guaranty for any sum in excess of $2,800.00."

The guaranty is for the payment "for such goods, wares and merchandise as you shall sell to the said Tucker-Rose Oil Co., Inc.," without limit as to the amount of goods sold or the time of sales. The limitation is to the amount for which defendants were liable.

The contract was clearly a continuing one, and defendants are liable to plaintiff to the extent of $2,800 thereunder. Whatever goods were agreed upon and sold were covered by the act of guaranty. The guaranty applied to all of the goods sold, just as much to one portion of the goods as to another; it applies to the payment for the last goods sold as much as it does to the first.

[2] The record shows that defendant company was organized for the purpose of producing oil by digging wells, etc., that the goods purchased from plaintiff were used for that purpose, and that one well had been bored. Such was the subject-matter to which the contract of guaranty relates.

"A safe rule of construction of a guaranty is to give the instrument that effect which shall best accord with the intentions of the parties, as manifested by the terms of the guaranty, taken in connection with the subject-matter to which it relates, neither enlarging the words beyond their import in favor of the creditor, nor restricting them in the aid of the surety." Menard v. Scudder, 7 La. Ann. 385, 56 Am. Dec. 610.

In the case just cited a letter in the following words was construed a continuing guaranty:

"I do recommend my friend, Mr. J. B. Scudder, of the parish of East Baton Rouge, a planter, and any funds that he may raise, or spends in case he does not pay, I feel bound to pay. James M. Collop."

The intention of the parties to constitute the guaranty a continuing one is just as ap-

parent in the succeeding paragraphs of the agreement. For instance, it authorizes partial payments to be received, and that plaintiff should not be required to first make any effort to obtain payment from defendant company. One paragraph reads:

"You are hereby authorized, if you so desire, to receive partial payments on account of said indebtedness without in any way impairing the liability of the undersigned, and under the terms of this agreement it shall not be necessary, in order for you to enforce payment from the undersigned, that you shall first institute suit or exhaust your remedies against said Tucker-Rose Oil Company, nor that you should otherwise make an effort to obtain payment from said Tucker-Rose Oil Company."

And, again in another clause:

"You may change the nature or character of the indebtedness from book account to note, bank check or otherwise, as you may agree, without notice to us, and this guaranty shall apply to payment of said indebtedness of said Tucker-Rose Oil Company in whatever form it may be changed."

[3] The claim of defendants that they guaranteed only payment of the first $2,800 worth of goods finds no place in the act of guaranty sued on. Plaintiff claims interest on deferred payments and attorney's fees, as provided for in the note sued upon. The note was issued by the company, and it is not signed by defendants Joseph H. Tucker and Henry Rose. Interest and attorney's fees are not guaranteed in the act of guaranty, and the guarantors cannot be held therefor.

It is therefore ordered, adjudged, and decreed that the judgment in favor of Joseph H. Tucker and Henry Rose be annulled, avoided, and reversed, and it is ordered that there now be judgment in favor of plaintiff and against Joseph H. Tucker and Henry Rose, in solido, in the sum of $2,299.49, less $233.55, and for the further sum of $41.15, and for costs of court.

O'NIELL, J., concurs in the decree.