The National Bank and Trust Company of South Bend, a Corporation, Plaintiff-Appellee and Cross-Appellant, v. Benjamin M. Becker, et al., Defendants-Appellants and Cross-Appellees.

Gen. No. 49,256.

First District, Second Division.

June 30, 1964.

Crowley, Sprecher, Barrett & Karaba, of Chicago (Robert A. Sprecher, of counsel), for appellants.

John W. Dorgan and Harold T. Berc, of Chicago (Harold T. Berc, of counsel), for appellee.

MR. JUSTICE BRYANT delivered the opinion of the court.

■ This is an appeal from an order of the Superior Court of Cook County entered on April 16, 1963, in the amount of $15,700 in favor of the plaintiff, National Bank and Trust Company of South Bend, and against the defendants (guarantors) for attorney's fees. Attorney's fees were incurred in a suit on five instruments of guaranty in which the plaintiff obtained a judgment of $104,187.59. The facts are set out in a prior case, National Bank & Trust Co. of South Bend v. Becker, 38 Ill App2d 307, 187 NE2d 355 (1962). The bank charges that the question of attorney's fees was waived because not raised in the prior appeal. The lower court in its original judgment decreed that the plaintiff was "entitled to an adjudication of the question of damages, if any, as and for attorney's fees" and "that jurisdiction as to that issue alone be and the same is hereby reserved by the court." That the court may reserve the question of fees for future determination is well settled (Roe v. Engstrom, 250 Ill App 440 (1928); 5A Nichols Illinois Civil Practice § 5550 (1962)) and it is apparent that defendants had no cause to appeal until fees were actually allowed. This appeal is definitely timely.

■ The sole question to be determined upon this appeal is whether the separate contract of guaranty which was sued upon by the plaintiff without prior recourse to the maker of the note contemplated the payment of attorney's fees by the guarantors for the carrying on of the litigation. The pertinent part of each of the notes reads:

> "With interest from . . . maturity, at the rate of eight per cent, until paid, waiving all benefit of Valuation or Appraisement Laws, *with all Attorney's fees*. The drawers and endorsers severally waive presentment for payment, protest and notice of protest and nonpayment of this note."

The contract of guarantee provided inter alia:

> "The undersigned hereby requests The National Bank & Trust Company of South Bend . . . to give Bar-Lin Steel Corporation . . . credit, as the Borrower may desire and the Bank may grant, . . . and in consideration of any credit given, the undersigned hereby absolutely and unconditionally *guarantees prompt payment when due and at all times thereafter of any and all existing and future indebtedness and liability of every kind, nature and character* . . . from the Borrower to the Bank . . . and the undersigned waives notice of the acceptance of this guaranty and of any and all such indebtedness and liability. The undersigned hereby waives presentment, protest, notice, demand or action on delinquency in respect of any such indebtedness or liability, including any right to require the Bank to sue or otherwise enforce payment thereof.
>
> "*This guaranty is made and shall continue as to any and all such indebtedness and liability of the Borrower to the Bank incurred or arising prior to receipt by the Bank of written notice of the termination hereof from the undersigned. . . .*"

The position of the appellants is that since no action was brought upon the notes themselves, the provision in the note providing for attorney's fees is inoperative, and that since no provision is made for paying attorney's fees in the guaranty contract, the contract cannot be extended by implication to cover payment of fees.

The appellant primarily relies upon the case of Abbott v. Brown, 131 Ill 108, 22 NE 813 (1889) which was an action brought against a guarantor to recover costs and attorney's fees. In Abbott v. Brown the primary note contained no provision for costs or attor-

153

ney's fees. The contract of guaranty guaranteed payment of the "note at maturity, or at any time thereafter, with interest at ten per cent per annum until paid, and agree to pay all costs and expenses paid or incurred in collecting the same, including attorney's fees." The court held at 114:

> "Here, Brown, by the terms of his guaranty, bound himself to pay costs and expenses, including attorney's fees, which might be incurred in an action to collect the note; but he saw proper not to agree to pay such costs and expenses as might be incurred in an action brought on the contract of guaranty, and in the absence of such an agreement we are aware of no principle which would make him liable. Had a suit been brought on the note against the maker, under the contract of guaranty, Brown would have been liable for such costs and expenses, including attorney's fees, as might have been incurred in that action. But no such action was brought, and there has been no breach of his contract, so far as costs and expenses are concerned."

Abbott v. Brown does not determine the facts of this case. Here the contract of guaranty "absolutely and unconditionally guarantees prompt *payment* when due and at all times thereafter *of any* and *all* existing and *future indebtedness* and liability *of every kind,* nature and character . . . from the Borrower to the Bank." This is not a mere guaranty of collection of the note; it is a guaranty coextensive with any and every indebtedness incurred by the maker. It could not be broader. In Abbott v. Brown the guarantor undertook specifically the payment of the note with interest at ten per cent per annum until paid and expenses paid or incurred in *collecting* the same, including attorney's fees. Here, the question becomes

154

what is the liability of the maker? Did he undertake to pay attorney's fees in a suit against the guarantor as a part of the payment of the indebtedness? In Abbott v. Brown the tenor of the note was carefully spelled out to $2,000 plus ten per cent per annum. Here the maker of the note undertook to pay all attorney's fees. The sole question becomes whether the maker agreed to pay attorney's fees on a suit against the guarantor without prior recourse against the maker.

The appellee relies upon Gridley v. Capen, 72 Ill 11 (1874) where the court construed a note which provided: "If not paid at maturity, to forfeit and pay twenty per cent interest per annum til paid, as liquidated, agreed and assessed damages thereon for said detention and nonpayment." On the back of the note was written: "For value received, we guarantee the payment of the within note, when due . . . ." The appellant guarantor maintained that his guaranty extended only to the payment of the note at maturity; that his contract is, by its terms, expressly limited to the amount of the note, and that it cannot be extended, by implication, beyond the terms used. The court stated at 13:

> "Now, the damages therein stipulated are as much a part of the note as the sum stipulated to be paid. The contract on the part of the guarantor is, that the note shall be paid when due, according to its tenor. The guarantor is, therefore, liable as well for the stipulated damages as for the principal sum. He would certainly be liable for the interest which would be given on suit brought, by way of damages; then, why not for stipulated damages?"

Gridley v. Capen does no more than interpret that the liquidated damage clause was a part of the note,

and since the guarantor agreed to payment of the note, he must also pay the liquidated damages. The same principle is, of course, applicable here, but, we must determine which attorney's fees the maker undertook to pay or what is the tenor of the note. We believe that the makers of the notes undertook to pay all attorney's fees necessary to in any way bring about the payment of the indebtedness. The note does not say that attorney's fees shall be paid for the collection of this note. Each note reads that "I promise to pay . . . dollars with interest . . . until paid . . . with all attorney's fees." That an independent guaranty was contemplated by the makers of the notes is reflected by the last sentence which reads: "And the payee or owner of this note may from time to time, for value received, receive interest in advance and the sureties *guarantors* and endorsers hereof agree that the time of payment may be extended without their consent." We would readily agree with the position of the appellee that the attorney's fees contemplated by the note referred only to fees pertaining to collection of the note, if each maker did not say he undertook *payment* plus interest and all attorney's fees. Although the attorney's fees in this case were incurred in enforcing the independent promise of a guarantor to bring about payment of the indebtedness, these fees were definitely contemplated within the terms of the note having been incurred in the course of payment of the indebtedness. Since the maker undertook to pay these attorney's fees to bring about payment, the guarantor is necessarily liable since his obligation here is coextensive with that of the maker.

■ National Bank and Trust Company of South Bend has filed a cross-appeal from the judgment for attorney's fees of $15,700. The Bank has asked $25,000

and believes that this is a reasonable amount considering the litigation and two appeals involved in this case. The Bank points out that the court computed the fees on the basis of the "Confession of Judgments" schedule rather than on the basis of the "Collections" schedule. We believe that the determination of the court was well within its discretion. Although there was an appeal from the lower court the case was determined on a summary judgment. Other than the fact of knowing that an appeal was taken, no evidence of costs was presented to the lower court and none appears in the transcript of proceedings. We do not believe that the evidence warrants the imposition of a higher fee and we therefore uphold the discretion of the lower court in this determination.

The judgment of the Superior Court of Cook County is affirmed.

Judgment affirmed.

BURKE, P. J. and FRIEND, J., concur.