EAC CREDIT CORPORATION v. FREDERICK M. WILSON
AND HELEN A. WILSON

No. 7120SC535

(Filed 20 October 1971)

Attorney and Client § 9— promissory note — guaranty of payment — liability of guarantors for attorneys' fees of creditor

Where a promissory note contained a provision requiring the debtor to pay reasonable attorneys' fees of the creditor in collection of the note, but a guaranty of payment of the note contained no such provision, the guarantors are not liable for attorneys' fees of the creditor in an action on the contract of guaranty, since G.S. 6-21.2 authorizes collection of attorneys' fees only in cases in which the instrument on which suit is brought expressly so provides.

Judge BROCK dissenting.

APPEAL by defendants from *Thornburg, Judge,* 29 March 1971 Civil Session of Superior Court held in UNION County.

The background of this controversy may be arrayed by the following quotation from that part of the record on appeal labeled "Statement of Case on Appeal":

"This is an action instituted by the plaintiff, EAC Credit Corporation, against the defendants, Frederick M. Wilson and wife, Helen A. Wilson, to recover the sum of $44,320.00 pursuant to a guaranty agreement executed by the defendants in which the defendants guaranteed the

payment of a promissory note executed by Landmark Inn of Durham, North Carolina, and payable to EAC Credit Corporation. The case was heard without a jury and before Lacy H. Thornburg, Judge presiding, at the March 22, 1971 Civil Session of the Superior Court in and for Union County. After hearing evidence for plaintiff and defendants, Judge Thornburg entered judgment in which he awarded to the plaintiff the sum of $39,182.78, representing the sum due upon the note, plus attorney's fees in the amount of $5,877.42 as part of the costs of the action.

"Both the original negotiable promissory note in the amount of $37,375.00 and dated March 4, 1966, executed by Landmark Inn of Durham and payable to the plaintiff, EAC Credit Corporation and a subsequent modification agreement dated February 13, 1968, contained a provision for the payment of reasonable attorney's fees in the event that the note was placed with an attorney for collection. The guaranty agreement signed by the defendants and executed on June 14, 1966 contained no such provision for the payment of reasonable attorney's fees. In his judgment Judge Thornburg found that the defendants were liable for the payment of attorney's fees in the sum of $5,877.42, pursuant to the provisions of G.S. 6-21.2(5)."

The defendant appealed assigning error to that portion of the judgment awarding to the plaintiff the sum of $5,877.42 as attorney's fees as part of the costs of the action.

*Thomas and Harrington by L. E. Harrington for plaintiff appellee.*

*Powe, Porter and Alphin, P.A. by James G. Billings for defendant appellants.*

VAUGHN, Judge.

On the first occasion that the question was presented for review, the Supreme Court of North Carolina held that provisions calling for a debtor to pay attorney's fees incurred by a creditor in the collection of a debt were contrary to public policy and, therefore, unenforceable. *Tinsley v. Hopkins,* 111 N.C. 340, 16 S.E. 325. The prohibition against the enforcement of such provisions in negotiable instruments was subsequently made statutory. C.S. 2983, G.S. 25-8. Effective as of 1 July

1967, Chapter 25 of the General Statutes was repealed by Chapter 700 of the Session Laws of 1965 and thus removed the express statutory injunction against enforcing provisions in instruments requiring a debtor to pay his creditor's attorney's fees. It is our view, however, that sound public policy continues to bar the enforcement of such provisions unless the same are clearly and expressly authorized by statute.

Plaintiff contends and the trial judge held that plaintiff was entitled to recover attorney's fees by virtue of G.S. 6-21.2 which was enacted effective 1 July 1967. This section, in part, is as follows:

"§ 6-21.2. Attorneys' fees in notes, etc., in addition to interest.—Obligations to pay attorneys' fees upon any note, conditional sale contract or other evidence of indebtedness, in addition to the legal rate of interest or finance charges specified therein, shall be valid and enforceable, and collectible as part of such debt, if such note, contract or other evidence of indebtedness be collected by or through an attorney at law after maturity, subject to the following provisions:

* * * *

(5) The holder of an unsecured note or other writing (s) evidencing an unsecured debt, and/or the holder of a note and chattel mortgage or other security agreement and/or the holder of a conditional sale contract or any other such security agreement which evidences both a monetary obligation and a security interest in or a lease of specific goods, or his attorney at law, shall, after maturity of the obligation by default or otherwise, notify the maker, debtor, account debtor, endorser or party sought to be held on said obligation that the provisions relative to payment of attorneys' fees in addition to the 'outstanding balance' shall be enforced and that such maker, debtor, account debtor, endorser or party sought to be held on said obligation has five days from the mailing of such notice to pay the 'outstanding balance' without the attorneys' fees. If such party shall pay the 'outstanding balance' in full before the expiration of such time, then the obligation to pay the attorneys' fees shall be void, and no court shall enforce such provisions."

Plaintiff contends that G.S. 6-21.2 "is sufficiently broad to include guarantors under the instant facts, that a substantial body of case law from other states supports this conclusion, and that the judgment of the trial court should be affirmed."

The contract of guaranty signed by defendants contains no provisions relating to attorney's fees. "In situations where the contract of guaranty is silent about costs of collection but the primary obligation provides that such cost shall be payable, the decisions are in disagreement as to the liability of the guarantor." 4 A.L.R. 2d 138, p. 141. The decisions in several of the jurisdictions which have allowed the plaintiff to recover attorneys' fees have been cases in which the action was brought against the maker and the guarantor jointly. *College National Bank v. Morrison,* 100 Cal. App. 403, 280 P. 218; *California Standard Finance Corp. v. Bessolo & Gualano,* 118 Cal. App. 327, 5 P. 2d 480; *Bank of California v. Union Packing Co.,* 60 Wash. 456, 111 P. 573; *Franklin v. The Duncan,* 133 Tenn. 472, 182 S.W. 230. In these cases where the maker and guarantor were sued together and the plaintiff was successful, the attorney's fees were viewed as a valid indebtedness of the maker which the guarantor had agreed to pay. Other jurisdictions have also reasoned that when a guarantor guarantees a note his agreement covers everything in the note, including a provision for attorney's fees. *National Bank & Trust Co. of South Bend v. Becker,* 50 Ill. 2d App. 151, 200 N.E. 2d 40; *McGhee v. Wynnewood State Bank,* 297 S.W. 2d 876, Texas App. Court; *Dean v. Allied Oil Co.,* 261 S.W. 2d 900, Texas App. Court; *Townsend v. Alewel,* 202, S.W. 447, Mo. App. In *National Bank v. Becker, supra,* the Court stated at p. 43:

"Since the maker undertook to pay these attorney's fees to bring about payment, the guarantor is necessarily liable since his obligation here is coextensive with that of the maker."

Also, in *Townsend v. Alewel, supra,* it was stated at p. 448:

"Defendant guaranteed payment of the note. That meant the note as written, and the note included the payment of an attorney's fee."

Jurisdictions that do not allow recovery of attorneys' fees by a successful plaintiff when such are called for in the note but not in the guaranty agreement, and the latter is the

instrument sued upon, base their decisions on the fact that the two instruments are separate and distinct, each with its own provisions regarding the liability of the parties. *Collins v. Kingsberry Homes Corp.*, 243 F. Supp. 741, Aff'd 347 F. 2d 351; *Continental Supply Co. v. Tucker Rose Oil Co.*, 146 La. 671, 83 So. 892; *Schauer v. Morgan*, 67 Mont. 455, 216 P. 347. The Court in *Schauer v. Morgan, supra* at p. 352 states this position as follows:

> "The note delivered to plaintiff with the guaranty provided for a reasonable attorney's fee, if the note was placed in the hands of an attorney for collection. This action is upon the guaranty. The provision for an attorney's fee relates only to proceedings to collect the note, and since the action is not upon the note the attorney's fee was improperly allowed."

North Carolina also recognizes that the obligation of the guarantor and that of the maker, while often coextensive are, nonetheless, separate and distinct. In a case holding that payment of interest by the maker of a note, after maturity, did not prevent an action against the guarantor thereon from being barred by the lapse of three years from maturity of the note, the Court said:

> "A guaranty is a contract, obligation or liability arising out of contract, whereby the promisor, or guarantor, undertakes to answer for the payment of some debt, or the performance of some duty, in case of the failure of another person who is himself in the first instance liable to such payment or performance. *Cowan v. Roberts*, 134 N.C. 415, 46 S.E., 297; *Carpenter v. Wall*, 20 N.C. 279; *Chemical Co. v. Griffin*, 202 N.C., 812. And the right to sue upon said contract or guaranty arises immediately upon the failure of the principal debtor to pay the debt at maturity or to meet his obligation according to its tenor. *Beebe v. Kirkpatrick*, 321 Ill., 612, 152 N.E., 539, 47 A.L.R., 891."

> \*   \*   \*   \*

> "Guarantors are not sureties; nor are they endorsers, though with respect to the plea of the statute of limitations, their liability is more nearly analogous to that of the latter than to that of the former. *Coleman v. Fuller*, 105 N.C. 328, 11 S.E., 175. The obligation of a surety is primary, while that of a guarantor is collateral. *Rouse v. Wooten*,

140 N.C. 557, 53 S.E., 430; *Dole v. Young*, 24 Pick. (Mass.), 252. A surety may be sued as a promisor with the principal debtor; a guarantor may not; his contract must be especially set forth or pleaded. *Coleman v. Fuller, supra; Bank v. Haynes*, 8 Pick. (Mass.), 423, 19 Am. Dec., 334." *Trust Co. v. Clifton*, 203 N.C. 483, 166 S.E. 334.

Defendants' contract of guaranty is their own separate contract with plaintiff to pay the debts of Landmark Inn of Durham, Inc. when due, if not paid by Landmark. They are not in any sense parties to the note executed by Landmark. *Milling Co. v. Wallace*, 242 N.C. 686, 89 S.E. 2d 413; G.S. 6-21.2. Defendants' contract does not call for the payment of plaintiff's attorneys' fees. The statute on which plaintiff relies, G.S. 6-21.2, does not authorize the collection of attorneys' fees except in cases where the instrument on which suit is brought expressly so provides. That part of the judgment which awards plaintiff attorney's fees is reversed. The cause is remanded for entry of judgment consistent with this opinion.

Reversed and remanded.

Judge BRITT concurs.

Judge BROCK dissents.

Judge BROCK dissenting:

The guaranty agreement sued upon in this case reads in part as follows:

" . . . I (we) do hereby guaranty to EAC Credit Corporation, . . . the payment when due of any and all notes, accounts receivable, conditional sales contracts, chattel mortgages, indebtedness and liability . . . at any time made or incurred by Landmark Inn of Durham, Inc., . . . to said Company, or acquired by said company and any and all commercial paper at any time purchased or acquired from said debtor, by said Company, and endorsed by said debtor to said Company, with or without recourse, whether said commercial paper so made or incurred, or so purchased and acquired, be retained by said company or transferred before or after maturity, with or without recourse.

"Said company without notice to me (us), may elect which specific commercial paper this guaranty shall apply to and, from time to time, may change its election.

"The liability of the undersigned is direct and unconditional and this guaranty is given without regard to any security, or otherwise, and shall be effective as to any of said commercial paper as if no other guaranty or security had been given therefor. . . . I (we) waive notice of the acceptance of this guaranty, notice of the commercial paper to which the same shall apply, also presentment, demand, protest, and notice of protest on any and all such commercial paper. No renewal or extention of time of payment of any commercial paper, and no release or surrender or other security for such commercial paper, or delay in enforcement of payment of the principal obligation or any security thereto shall affect my (our) liability thereon, even though such renewal or extension or release or surrender may have been given subsequent to my (our) death. . . .

"This guaranty shall be a continuing one and shall remain in force until written notice from me (us) of its discontinuance shall be received by said company, and until all commercial paper and liability covered hereby, existing at the time of such notice, shall have been fully paid."

In my opinion a guaranty with language as broad as set out above contemplates and covers the payment of attorney fees as provided for in the debtors' obligation to plaintiff.

I vote to affirm the judgment appealed from.