EAC CREDIT CORPORATION v. FREDERICK M. WILSON
AND HELEN A. WILSON

No. 92

(Filed 12 April 1972)

1. Guaranty— absolute or conditional

A guaranty contract is collateral to the primary obligation and may be absolute or conditional dependent upon its terms.

2. Guaranty— guaranty of payment

A guaranty of payment is an absolute promise by the guarantor to pay the debt at maturity if it is not paid by the principal; the obligation of the guarantor is separate and independent of the obligation of the principal debtor, and the creditor's cause of action against the guarantor ripens immediately upon failure of the principal debtor to pay the debt at maturity.

3. Guaranty— guaranty of collection

A guaranty of collection is a promise by the guarantor to pay the debt on condition that the creditor shall diligently prosecute the principal debtor without success.

4. Guaranty— guaranty of payment

The language of a guaranty contract constituted a guaranty of payment where the promise to pay when due was absolute and unconditional.

5. Attorney and Client § 9; Guaranty— guaranty contract— security agreements — attorneys' fees

A guaranty contract is not a "security agreement" within the language of G.S. 6-21.2(5), relating to liability for attorneys' fees

Credit Corp. v. Wilson

for the collection of a note, conditional sales contract or other evidence of indebtedness.

6. **Attorney and Client § 9; Guaranty— promissory note — guaranty of payment — action on guaranty contract — creditor's attorney fees — liability of guarantors**

Where a promissory note contains a provision requiring the debtor to pay reasonable attorneys' fees of the creditor in collection of the note, but a guaranty of payment of the note contains no such provision, the guarantors are not liable under G.S. 6-21.2 for attorneys' fees incurred by the creditor in an action on the guaranty contract.

APPEAL by plaintiff from decision of the Court of Appeals (12 N. C. App. 481) reversing judgment of *Thornburg, J.,* 29 March 1971 Civil Session, UNION Superior Court. Docketed as No. 165 and argued at the Fall Term 1971.

Plaintiff instituted this action to recover the sum of $44,320 pursuant to a guaranty agreement executed by defendants whereby defendants guaranteed the payment of a promissory note executed by Landmark Inns of Durham, Inc., payable to plaintiff.

On 4 March 1966 Landmark Inns of Durham, Inc., executed a promissory note payable to EAC Credit Corporation, plaintiff herein. That note provides, *inter alia,* that Landmark Inns of Durham, Inc., the maker, will pay "a reasonable sum as Attorney's fees, if placed with an Attorney for collection." (It is not necessary to refer to a modification of the note dated 13 February 1968 since the modification contains an identical provision regarding counsel fees.)

On 14 June 1966 Frederick M. Wilson and Helen A. Wilson, defendants herein, executed the guaranty agreement upon which this action is brought. That agreement reads as follows:

"FOR VALUE RECEIVED, I (we) do hereby guaranty to EAC Credit Corporation, (hereinafter called Company) its assignees and transferees, the payment when due of any and all notes, accounts receivable, conditional sales contracts, chattel mortgages, indebtedness and liability (hereinafter called commercial paper) at any time made or incurred by Landmark Inn of Durham, Inc., 2424 Erwin Road, Durham, North Carolina (hereinafter called said debtor), to said Company, or acquired by said company and any and all commercial paper at any time purchased or acquired from

said debtor, by said Company, and endorsed by said debtor to said Company, with or without recourse, whether said commercial paper so made or incurred, or so purchased and acquired, be retained by said company or transferred before or after maturity with or without recourse.

"Said company without notice to me (us), may elect which specific commercial paper this guaranty shall apply to and, from time to time, may change its election.

"The liability of the undersigned is direct and unconditional and this guaranty is given without regard to any security, or otherwise, and shall be effective as to any of said commercial paper as if no other guaranty or security had been given therefor. I (we) acknowledge that this guaranty is binding without the signature of any other person. I (we) waive notice of the acceptance of this guaranty, notice of the commercial paper to which the same shall apply, also presentment, demand, protest, and notice of protest on any and all such commercial paper. No renewal or extension of time of payment of any commercial paper, and no release or surrender or other security for such commercial paper, or delay in enforcement of payment of the principal obligation or any security thereto shall affect my (our) liability thereon, even though such renewal or extension or release or surrender may have been given subsequent to my (our) death. Said company may employ said debtor as collection agent for the purpose of presenting or demanding payment, collecting or protesting any or all of said commercial paper at any time purchased or acquired from said debtor by said company.

"This guaranty shall be a continuing one and shall remain in force until written notice from me (us) of its discontinuance shall be received by said company, and until all commercial paper and liability covered hereby, existing at the time of such notice, shall have been fully paid."

It will be noted that the foregoing guaranty agreement contains no provision for the payment of attorney fees.

The case was heard by Judge Thornburg without a jury, and he entered judgment awarding plaintiff $39,182.78 representing the sum due on the note, plus attorney's fees in the sum of $5,877.42 pursuant to G.S. 6-21.2(5). Defendants ap-

pealed to the Court of Appeals assigning as error only that portion of the judgment awarding plaintiff $5,877.42 as attorney's fees.

Being of the opinion that counsel fees were not recoverable under the facts of this case, the Court of Appeals reversed with Brock, J., dissenting, and plaintiff appealed to the Supreme Court as a matter of right under the provisions of G.S. 7A-30.

*Thomas and Harrington, Attorneys for plaintiff appellant.*

*Powe, Porter & Alphin, P.A., by Willis P. Whichard and James G. Billings, Attorneys for defendant appellees.*

HUSKINS, Justice.

Where a promissory note contains a provision requiring the debtor to pay reasonable attorneys' fees of the creditor in collection of the note, but a guaranty of payment of the note contains no such provision, are the guarantors liable under G.S. 6-21.2 for attorneys' fees incurred by the creditor in an action on the guaranty contract? This is the sole question presented on this appeal.

Plaintiff contends that it is entitled to recover attorneys' fees in this action upon the guaranty contract by virtue of G.S. 6-21.2 which provides in pertinent part as follows:

"§ 6-21.2. *Attorneys' fees in notes, etc., in addition to interest.*—Obligations to pay attorneys' fees upon any note, conditional sale contract or other evidence of indebtedness, in addition to the legal rate of interest or finance charges specified therein, shall be valid and enforceable, and collectible as part of such debt, if such note, contract or other evidence of indebtedness be collected by or through an attorney at law after maturity, subject to the following provisions:

    *    *    *    *

"(2) If such note, conditional sale contract or other evidence of indebtedness provides for the payment of reasonable attorneys' fees by the debtor, without specifying any specific percentage, such provision shall be construed to mean fifteen percent (15%) of the

Credit Corp. v. Wilson

'outstanding balance' owing on said note, contract or other evidence of indebtedness.

\* \* \* \*

"(5) The holder of an unsecured note or other writing(s) evidencing an unsecured debt, and/or the holder of a note and chattel mortgage or other security agreement and/or the holder of a conditional sale contract or any other such security agreement which evidences both a monetary obligation and a security interest in or a lease of specific goods, or his attorney at law, shall, after maturity of the obligation by default or otherwise, notify the maker, debtor, account debtor, endorser or party sought to be held on said obligation that the provisions relative to payment of attorneys' fees in addition to the 'outstanding balance' shall be enforced and that such maker, debtor, account debtor, endorser or party sought to be held on said obligation has five days from the mailing of such notice to pay the 'outstanding balance' without the attorneys' fees. If such party shall pay the 'outstanding balance' in full before the expiration of such time, then the obligation to pay the attorneys' fees shall be void, and no court shall enforce such provisions."

Plaintiff argues that G.S. 6-21.2 as quoted is sufficiently broad to include guarantors because the "evidence of indebtedness" is the note itself which provides for attorneys' fees and that the guaranty contract is simply a "security agreement" referred to in G.S. 6-21.2(5) which secures the payment of the note. Defendants, on the other hand, contend that the guaranty agreement is the only "evidence of indebtedness" within the meaning of the statute and is not a security agreement "which evidences both a monetary obligation and a security interest in . . . specific goods." Since such evidence of indebtedness contains no provision for attorneys' fees, defendants contend the statute does not authorize collection of such fees in this action on the guaranty agreement.

[1] A guaranty contract is collateral to the primary obligation between the debtor and the creditor, and it may be absolute or it may be conditional dependent upon its terms. "A guaranty of the payment of a debt is distinguished by the authorities from a guaranty of the collection thereof, the former being

absolute and the latter conditional." 38 Am. Jur. 2d, Guaranty § 22; *Garren v. Youngblood,* 207 N.C. 86, 176 S.E. 252 (1934).

[2, 3] A *guaranty of payment* is an absolute promise by the guarantor to pay the debt at maturity if it is not paid by the principal debtor. The obligation of the guarantor is separate and independent of the obligation of the principal debtor, and the creditor's cause of action against the guarantor ripens immediately upon failure of the principal debtor to pay the debt at maturity. *Milling Co. v. Wallace,* 242 N.C. 686, 89 S.E. 2d 413 (1955). On the other hand, a *guaranty of collection* is a promise by the guarantor to pay the debt on condition that the creditor "shall diligently prosecute the principal debtor without success." *Jenkins v. Wilkinson,* 107 N.C. 707, 12 S.E. 630 (1890); *Jones v. Ashford,* 79 N.C. 172 (1878).

[4, 5] Here, the language of the guaranty contract amounts to a *guaranty of payment* since the promise to pay when due is absolute and unconditional. Moreover, the guaranty instrument is not a "security agreement" analogous to a chattel mortgage or a conditional sales contract. Rather, it is a contract which *guarantees* payment of the note at maturity if not paid by the maker. There is no legal basis for plaintiff's argument that the guaranty contract is a security agreement within the language of G.S. 6-21.2(5). "*Security agreement* means an agreement which creates or provides for a security interest," G.S. 25-9-105(h); and "*security interest* means an interest in personal property or fixtures which secures payment or performance of an obligation. . . . " G.S. 25-1-201(37). As used in the Commercial Code, the general term *security agreement* is ordinarily understood to embrace chattel mortgages, conditional sales contracts, assignments of accounts receivable, trust receipts, etc. *Evans v. Everett,* 279 N.C. 352, 183 S.E. 2d 109 (1971). The term has a similar connotation here, and, for that reason, G.S. 6-21.2(5) is entirely irrelevant to the question posed by this appeal.

The rights of the plaintiff as against the guarantors, defendants herein, arise out of the guaranty contract and must be based on that contract. "Such an action is not a suit on the primary obligation which the guaranty contract secures, and the guarantor is not liable except under the terms of the guaranty contract." 38 Am. Jur. 2d, Guaranty § 115; *Milling Co. v. Wallace, supra* [242 N.C. 686, 89 S.E. 2d 413]. *Accord, Kushnick v. Building and Loan Assn.,* 153 Md. 638, 139 A. 446 (1927).

Where the guaranty contract is silent concerning attorneys' fees but the note provides for their payment, *and the action is brought against the maker and the guarantor jointly,* there is authority in other jurisdictions that plaintiff may recover attorneys' fees, the rationale being that such fees are a valid indebtedness of the maker which the guarantor agreed to pay. *See College National Bank v. Morrison,* 100 Cal. App. 403, 280 P. 218 (1929); *Franklin v. The Duncan,* 133 Tenn. 472, 182 S.W. 230 (1916); *Bank of California v. Union Packing Corp.,* 60 Wash. 456, 111 P. 573 (1910); *California Standard Finance Co. v. Bessolo and Gualano,* 118 Cal. App. 327, 5 P. 2d 480 (1931).

Other courts, in actions against the guarantor alone, have limited the liability of the guarantor of payment to payment of the primary debt, even though by the terms of the note the maker was obligated to pay the cost of collection including attorneys' fees. *See Continental Supply Co. v. Tucker-Rose Oil Co.,* 146 La. 671, 83 So. 892 (1920); *Krinsky v. Leventhal,* 323 Mass. 160, 80 N.E. 2d 477, 4 A.L.R. 2d 136 (1948); *Schauer v. Morgan,* 67 Mont. 455, 216 P. 347 (1923).

For a collection of cases involving suits against the maker and the guarantor jointly, suits against the guarantor after a fruitless suit against the maker, suits where the guarantor expressly agrees to repay the creditor for expenses of attempted collection from the maker, and other factual situations, see Annotation, Guaranty of payment at maturity as covering expenses of collection, 4 A.L.R. 2d 138; 38 Am. Jur. 2d, Guaranty § 75, and cases cited.

Decisions of this Court treat the obligation of a guarantor of payment separate and distinct from that of the maker. *Coleman v. Fuller,* 105 N.C. 328, 11 S.E. 175 (1890); *Cowan v. Roberts,* 134 N.C. 415, 46 S.E. 979 (1903); *Rouse v. Wooten,* 140 N.C. 557, 53 S.E. 430 (1905); *Trust Co. v. Clifton,* 203 N.C. 483, 166 S.E. 334 (1932). "Their contract of guaranty is their own separate contract jointly and severally to pay the debts of the male defendants when due, if not paid by the male defendants. . . : they are not in any sense parties to the [note]." *Milling Co. v. Wallace, supra* [242 N.C. 686, 89 S.E. 2d 413].

[6] Applying these principles to the facts before us, we hold that G.S. 6-21.2 does not authorize collection of attorneys' fees in this action. The guaranty contract sued upon does not so

provide. Guaranty of payment alone does not render the guarantors liable for attorneys' fees which the principal debtor, by the terms of the note, is bound to pay. Well-reasoned decisions from other jurisdictions supporting this view include *Walker v. McNeal*, 134 Okla. 111, 272 P. 443 (1928); *Midway National Bank v. Gustafson*, 282 Minn. 73, 165 N.W. 2d 218 (1968); *Estes v. Oilfield Salvage Co.* (Tex. Civ. App.), 284 S.W. 2d 201 (1955).

For the reasons stated the decision of the Court of Appeals reversing that part of the judgment of the trial court which awarded plaintiff attorneys' fees in the sum of $5,877.42 is

*Affirmed.*