**ISLAND BLOCK CORPORATION, Plaintiff**

v.

**THOMAS WEBSTER, Defendant**

Civil No. 772/1979

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

February 22, 1980

BRENDA J. HOLLAR, ESQ., St. Thomas, V.I., *for plaintiff*

FEUERZEIG, *Judge*

## MEMORANDUM OPINION AND ORDER

Before the court for determination is the validity of a stipulation in a credit agreement for a fixed percentage of the sum due as collection costs.[1] The plaintiff, Island Block Corporation, and the defendant, Thomas Webster, on March 23, 1973 entered a licensed contractor's credit agreement. The agreement extends the defendant credit on an open account for purchases from the plaintiff. The provision in the agreement that concerns the court states:

> Should this account become overdue and should it become necessary for Island Block Corporation to turn the account over to its legal representative for collection, D [defendant] agrees to pay an additional 25% for collection costs plus any additional court fees.

Accordingly, the plaintiff claims that $6,441.21 is due on defendant's open account, and $1,610.30 represents the additional 25 percent for collection costs.

 This court has held that stipulations for attorney's fees in a mortgage, because they are neither disallowed by statute nor are contrary to public policy, are valid and enforceable. Sapphire House Condominium Association v. Brothers, 16 V.I. 564 (Terr. Ct. 1979). Other courts have held that stipulations for attorney's fees where collection of an account is required are also enforceable in sales and other contracts. E.g. Michael-Regan Co., Inc. v. Lindell, 527 F.2d 653 (9th Cir. 1975); Citizen's National Bank v. Waugh, 78 F.2d 325 (4th Cir. 1935); Granite Equipment Leasing Corporation v. Hutton, 84 Wash.2d 320, 525 P.2d 223 (1974), Zambruk v. Perlmutter 3rd

---

[1] The plaintiff has filed a motion for the entry of a default judgment by the Clerk of the Court. 5 V.I.C. App. IV, R. 48. The defendant having been served and having failed to appear, plead or otherwise defend this action, and the plaintiff having proved its claim in compliance with 5 V.I.C. App. IV, R. 48, the plaintiff is entitled to a default judgment. However, because the plaintiff's contract claim raises an important and recurring issue regarding stipulations for collection costs in credit agreements, the court has sua sponte directed the Clerk not to grant judgment in order to permit the court to address this issue.

Generation Builders, Inc., 32 Colo. App. 276, 510 P.2d 472 (1973). But see EAC Credit Corporation v. Wilson, 12 N.C.App. 481, 183 S.E.2d 859 (1971), aff'd 281 N.C. 140, 187 S.E.2d 752 (1972). However, just as this court is not bound by unreasonable or excessive stipulations for attorney's fees in mortgages, Sapphire House Condominium Association v. Brothers, supra, this court is not bound by similar stipulations in other types of contracts.

■ The purpose of a contractual provision for attorney's fees in the event collection is necessary is to indemnify a creditor against the necessity of paying an attorney and to make it possible for the creditor still to recover the full amount that is legally owed to him. Zambruk v. Perlmutter 3rd Generation Builders, Inc., supra. Consequently, such a provision should only be enforced to the extent that it provides indemnification for services actually rendered by an attorney in collecting the debt. Citizen's National Bank v. Waugh, supra; Annot. 17 A.L.R.2d 288, § 8 (1951).

■ The contract provision before the court is not limited to attorney's fees per se. Instead, it appears to be a stipulation for the recovery of collection fees whether an attorney renders collection services or not. Nevertheless, such a provision is akin to a stipulation for attorney's fees, Tobler v. Yoder & Frey Auctioneers, Inc., 462 F.Supp. 785 (S.D. Ga. 1978), and is subject to similar rules when determining whether it is enforceable. The court thus believes that a stipulation for collection costs of 25 percent of the sum due clearly is excessive.

■■ A provision for the payment of collection costs presupposes that expenses will be incurred in collecting the debt through the employment of an attorney or other legal representative. See McClain v. Continental Supply Co., 66 Okl. 225, 168 P. 818 (1917). In other words, such a provision is a contract of indemnity to reimburse a party for expenditures made in attempting to collect the debt. McClain v. Continental Supply Co., supra. As a result the court believes such a provision should be enforced only to the extent that it reflects the costs of services actually rendered, whether by an attorney or by another legal representative. The 25 percent stipulation here has absolutely no relation to the services actually rendered.

■ Accordingly, the stipulation for collection costs in the contract sub judice will not be enforced. The court will, however, award plaintiff a reasonable fee upon the submission of an appro-

priate affidavit setting forth the services rendered in conformance with the requirements of Estien v. Christian, 11 V.I. 464, 507 F.2d 61 (3d Cir. 1975). Wherefore it is hereby

ORDERED that plaintiff's motion for default judgment is granted, and it is further

ORDERED that plaintiff is awarded judgment against defendant Webster in the amount of $6,441.21 plus $15 court costs and collection costs to be determined upon submission of an appropriate affidavit.