**CENTRAL SAVINGS BANK & TRUST CO.**
**v. HAMILTON.**

No. 5057.

Court of Appeal of Louisiana. Second Circuit.

June 4, 1935.

Oliver & Digby, of Monroe, for appellant.

McHenry, Lamkin & Lamkin, of Monroe, for appellee.

MILLS, Judge.

The Central Savings Bank & Trust Company of Monroe, La., brings this suit against Dr. J. M. Hamilton on two notes, one for $1,500, dated June 6, 1932, and one for $50, dated August 1, 1932, made by his son, J. D. Hamilton.

The liability of Dr. Hamilton is predicated upon the following written guaranty:

"Downsville, La.
"October 12, 1925.
"Central Savings Bank & Trust Co. Monroe La.

"Gentlemen: Please let J. D. Hamilton have $2,000.00 or $2,500.00 if he needs that much, and I will see it paid.
"Yours truly,
"J. M. Hamilton."

The petition alleges defendant had been told on numerous occasions, when in the bank, that the loans represented by the above notes had been made solely on the faith of his guaranty; that defendant did not question his liability under the guaranty, but, on

the other hand, approved the loans and reaffirmed it.

Defendant's exception of no cause or right of action being overruled, he answered with reservation of his rights, denying that the loans represented by the notes were made on account of the guaranty agreement, or that the agreement had anything to do with same; that all loans made under the guaranty had been fully paid; that he reserved his right to proceed against plaintiff for the wrong done him by the bringing of this action.

After due trial had, there was judgment for plaintiff as prayed for, our learned brother below holding, in a well-considered written opinion, that the instrument relied upon did not constitute a continuing guaranty, but that defendant reissued the guaranty as security for the indebtedness represented by the notes.

From this judgment defendant has appealed, urging, first, that his exception should have been sustained and plaintiff's suit dismissed. The exception is based upon the contention that, granting the continuity of the guaranty, it was only effective for a reasonable time; that the delay evidenced by the pleadings is unexplained therein and is of unreasonable duration. As we read the pleadings, the delay is accounted for by the allegation that Dr. Hamilton, on numerous occasions, by acquiescence and reaffirmance, consented to the continuance of the agreement. The exception was correctly overruled.

While it is true there is no ambiguity in the guaranty which is couched in language of unmistakable meaning, it is a fact that, while the amount is limited to $2,500, there is no limit fixed as to time.

In Hibernia Bank & Trust Co. v. Succession of Cancienne, 140 La. 969, 74 So. 267, 271, L. R. A. 1917D, 402, the rule is recognized to be: " * * * That, although the amount of the liability of the guarantor be limited, if the time is not expressly limited, the guaranty is nevertheless a continuing guaranty, to the amount for which the liability of the guarantor is limited, if the terms of the instrument indicate that the purpose was to give a standing credit to the principal debtor to be used from time to time."

The guaranty being silent as to time, we must look to the surrounding circumstances to determine the intention of the parties.

In Menard v. Scudder, 7 La. Ann. 385, 56 Am. Dec. 610, and Continental Supply Co. v. Tucker-Rose Oil Co., 146 La. 671, 83 So. 892,

it is held that there is no hard and fast rule for the construction of a contract of guaranty. The true doctrine is stated to be: " * * * To give the instrument that effect, which shall best accord with the intentions of the parties, as manifested by the terms of the guaranty, taken in connection with the subject-matter to which it relates;—neither enlarging the words beyond their natural import in favor of the creditor, nor restricting them in aid of the surety."

It is pertinent then to inquire into the occasion which gave rise to the guaranty. Most of the testimony as to the transaction was objected to on the ground that a promise to pay the debt of a third person cannot be established by parol. No one could question the correctness of this legal principle which is contained in the Civil Code itself (art. 2278). The testimony was admissible, not to prove a new contract, but to explain that already entered into.

From the statement of facts contained in the written opinion of the trial judge, which statement is approved by defendant's counsel in their brief, it appears that J. D. Hamilton desired to conduct the cigar and newsstand business in the Virginia Hotel in Monroe. Lacking the necessary capital, he applied to plaintiff bank for assistance. This was only given after Dr. J. M. Hamilton had executed and delivered the guaranty which is the basis of this suit. Mr. Oliver, president of plaintiff bank, testified that he understood that J. D. Hamilton would need additional funds in the operation of his business and that the guaranty was to cover, not only a present loan, but future loans up to the amount guaranteed. That this was the understanding is borne out by the fact that the borrower had no present need for the full sum, actually taking in the first instance only $816. During the period from October 12, 1925, to January 22, 1930, he at various times borrowed and repaid the total sum of $1,336; all of the loans being made on the strength of Dr. Hamilton's written guaranty. As we understand the opinion, it finds in effect that the guaranty was continuing, but that it was discharged when this indebtedness, which was less than the amount of the guaranty, was paid in full on January 22, 1930. We quote that part of the opinion: "The contract of guaranty given by Dr. J. M. Hamilton to plaintiff cannot be construed as a continuing guaranty and there is no question but that said guaranty was discharged when J. D. Hamilton paid in full, on January 22, 1930, all of his obligations owing to plaintiff up to

that date, and made subsequent to the date of guaranty."

Manifestly, if the guaranty continued in effect from its date, October 12, 1925, until January, 1930, it must have been a continuing guaranty.

As to the discharge by payment of the full balance due, the court relies upon Gerson v. Hamilton, 30 La. Ann. 737; Bloom v. Kern, 30 La. Ann. 1263; Green v. Locke, 31 La. Ann. 656; Stewart v. Levis Bros., 42 La. Ann. 37, 6 So. 898.

These cases are only authority to the effect that, where the total amount guaranteed has been loaned and repaid, the contract is completed and the surety discharged. In the present case, only $1,336 had been borrowed and repaid on a $2,500 guaranty.

On October 7, 1930, J. D. Hamilton, desiring to enter another business, applied for a loan of $2,000, relying on the guaranty agreement as security, the limits of which, at that time, lacked $219 of having been reached. The loan was made at the request of Dr. J. M. Hamilton. The learned trial judge held that this loan, made at the request of the guarantor, and with his knowledge that the bank, in making it, relied upon his original guaranty, amounted to a reissuance of the guaranty. Buckeye Cotton Oil Co. v. Amrhein, 168 La. 139, 121 So. 602.

At the trial the only witness testifying was the president of the plaintiff bank. His testimony, being entirely uncontradicted, must be taken as true.

He says that the guaranty was given, not to cover any specific loan, but was intended to protect future loans as needed by the borrower in his business; that all subsequent loans were made on the strength of this guaranty and at the request of Dr. Hamilton; that he told Dr. Hamilton that the loans were made on the strength of his guaranty; that the loans represented by the particular notes sued on were made at the specific request of the guarantor; that action on the notes was deferred until after the discharge in bankruptcy of the borrower at the request of Dr. Hamilton, and upon his statement that he would take care of the obligation. We think the testimony fully sustains the following conclusions of the trial judge:

"A summary of the testimony clearly shows that plaintiff held Dr. Hamilton's contract of guaranty from about October 12, 1925, until this suit was filed; that it held it with the full knowledge of Dr. Hamilton and without ever a word of protest from him; that at the request of and with the knowledge of Dr. Hamilton plaintiff, at different times during that period, was making loans to J. D. Hamilton, relying on this guaranty contract as security for these loans; that the loans represented by the notes upon which this suit is based were made to J. D. Hamilton upon the request of defendant, and that the loans were made by plaintiff, pursuant to that request, on the strength of this guaranty agreement, to the knowledge and with the approval of Dr. Hamilton; that he has not, at any time, attempted to cancel this guaranty agreement and have plaintiff to return same to him, nor has he ever, so far as the testimony shows, denied his liability for the obligations evidenced by these notes.

"That plaintiff made the loans to J. D. Hamilton in good faith and on the strength of Dr. Hamilton's guaranty, there can be no question, as shown by the testimony."

On this strong showing we do not think it important whether the judgment is sustained on the ground of the continuance of the guaranty or of its reissue. In any event, in law or equity, defendant is liable.

The judgment appealed from is accordingly affirmed.

DREW, J., dissents.