HIGGINS, Justice.
 

 This is an action by the State Bank Commissioner in charge of the liquidation of the Tangipahoa Bank & Trust Company against the First State Bank & Trust Company, in liquidation, and Charles H. Houlton, William L. Houlton, and Richard A. Kent, in solido, to recover the sum of $115,529.20, representing the balance due on the note of the defendant bank, guaranteed by the individual defendants.
 

 The defendant guarantors filed an exception of prematurity on the ground that plaintiff must exhaust his remedies against the primary obligor, the maker of the note, before proceeding against those secondarily liable, the guarantors.
 

 
 *769
 

 The
 
 exception was sustained and the suit dismissed as to the individual defendants as guarantors.
 

 Plaintiff applied to this court for writs of prohibition, mandamus, and certiorari, which were granted, and, in response to the rule nisi, the returns of the trial judge and the respondents and the record were filed here.
 

 The note and the guaranty sued upon and pledged to the Reconstruction Finance Corporation read as follows:
 

 “$191,258.71
 

 “Hammond, La.
 

 “June 23, 1926.
 

 “On or before seven years after date for value received, I, we or either of us, promise to pay to the order of
 

 “Hammond State Bank
 

 “One Hundred Ninety One Thousand, Two Hundred Fifty Eight & 71/100 Dollars, with interest at the rate of six per cent per annum from date until paid.
 

 “Payable at Hammond State Bank,' Hammond, La. Interest payable monthly and defaulting interest to draw the same rate of interest as principal. The makers, endorsers and guarantors of this note guarantee to pay all costs of collecting, including 10% attorney’s fees if placed in the hands of an attorney for collection. If not paid at maturity the principal and makers agree that any money on deposit or otherwise to his credit may be applied to the payment of this note. We hereby severally waive presentment of payment, notice of nonpayment, protest and notice of protest, and diligence in bringing suit against any party hereto, and sureties consent that the payment may be extended without notice thereof.
 

 “First State Bank & Trust Company of Hammond, Louisiana,
 

 “C. H. Houlton
 

 “W. L. Houlton
 

 “R. A. Kent,
 

 “Liquidators.
 

 “P. O. Address
 

 “No. 5059
 

 “Due June 23, 1933.”
 

 “Hammond, La.,
 

 “June 23rd, 1926.
 

 “To the Hammond State Bank,
 

 “Hammond, La.
 

 “In consideration of your loaning to the First State Bank & Trust Company the sum of One Hundred Ninety One Thousand Two Hundred, Fifty Eight and 71/100 ($191,-258.71) Dollars, to be evidenced by its note dated this day, bearing six per cent per annum interest, payable monthly:
 

 “Each of the undersigned, to-wit: Richard A. Kent, William L. Houlton and Charles H. Houlton do hereby unconditionally bind ourselves, in solido, to guarantee the payment of such note, less such amounts as you may credit thereon, before its maturity, from the liquidation of its assets.
 

 “Respectfully submitted,
 

 “C. H. Houlton
 

 “R. A. Kent
 

 ‘-‘W. L. Houlton.
 

 “Accepted:
 

 “Hammond State Bank
 

 “By: E. Richardson, Pres.”
 

 Upon the maturity of the note, which was reduced to the above balance, it was
 
 *771
 
 protested for nonpayment against the First National Bank & Trust Company, in liquidation, Charles H. Houlton, William L. Houlton, and the heirs of Richard A. Kent, who died after the execution of the guaranty but before the maturity of the note.'
 

 It will be observed that the guaranty executed by the individual defendants is absolute and unconditional. They bound themselves, in solido, to pay the note at its maturity, less such credits that might be applied .to-the note before maturity by the liquidators of the defunct debtor bank.
 

 It has been held that a contract of guaranty in this state is equivalent to a contract of surety. Rev.Civ.Code, art. 3035; Gasquet v. Thorn, 14 La. 506; Graves v. Scott & Baer, 23 La.Ann. 690; Alter v. Zunts, 27 La.Ann. 317; Lachman & Jacobi v. Block & Bro., 47 La.Ann. 505, 17 So. 153, 28 L.R.A. 255.
 

 Principals and guarantors or sureties who have bound themselves in solido, unconditionally, may be jointly sued in the same proceeding, as a matter of right, in order to avoid a multiplicity of suits, and this right of action accrues to the holder, upon the maturity or dishonor of the note. Rev.Civ.Code, arts. 3051, 2085; Negotiable Instruments Law, § 84, Act No. 64 of 1904; Thompson & Co. v. Sporl, 160 La. 352, 107 So. 135.
 

 Upon the accrual of a cause of action against the principal and surety, who have bound themselves unconditionally and in solido, the surety is without right in law to force the creditor to exhaust all of his remedies against the principal before suing the surety, and the guaranty which is an absolute and unconditional one in form and substance gives the holder thereof the right to immediately proceed against the guarantor at the maturity or dishonor of the note. 12 R.C.L. 1064, § 13; General Motors Acceptance Corp. v. Calhoun Chevrolet Co., 14 La.App. 258, 129 So. 168; Commercial National Bank v. Richardson, 163 La. 933, 113 So. 152; Hibernia Bank & Trust Co. v. Succession of Cancienne, 140 La. 969, 74 So. 267, L.R.A.1917D, 402; and Thompson & Co. v. Sporl, supra.
 

 In their returns, the trial judge and the respondents refer to documents antedating and postdating the obligations sued upon. These papers were filed in the record in response to a prayer for oyer by the defendants. Whatever rights the defendants wish to urge by these documents, which are unexplained in the exception of prematurity and in the record, and only perfunctorily mentioned in' the respondent judge’s return, must be presented by answer or some other form of defense.
 

 For the reasons assigned, the rule nisi is made absolute, the writs are perpetuated, the judgment of district court is annulled and set aside, the exception of prematurity is overruled, and the case is remanded for further proceedings, according to law. Respondents to pay the costs of court.