279 So.2d 720 (1973)
AMERICAN BANK & TRUST COMPANY
v.
BLUE BIRD RESTAURANT & LOUNGE, INC., et al., Herbert E. Courtney.
No. 9387.
Court of Appeal of Louisiana, First Circuit.
May 30, 1973.
Rehearing Denied July 5, 1973.
Writ Granted August 31, 1973.
*721 Warren L. Mengis, Baton Rouge, for Courtney (Herbert Courtney).
Frederick Kroenke & Sidney Fazio, Baton Rouge, for American Bank.
Edwin A. Smith, Jr., Baton Rouge, for defendant Chas. Courtney.
Before LOTTINGER, ELLIS and CRAIN, JJ.
LOTTINGER, Judge.
This is a suit by the American Bank and Trust Company, as petitioner, on a promissory note in the sum of $91,207.89 against Blue Bird Restaurant & Lounge, Inc., Blue Bird Drive-in, Inc., Blue Bird of Nicholson, Inc., and Charles E. Courtney, Sr., makers of the note, and against Herbert E. Courtney, appellant herein, on guaranty in the sum of $20,000.00. The Lower Court rendered judgment in favor of petitioner and against defendants. The defendant, Herbert E. Courtney has taken a devolutive appeal.
We quote from the excellent reasons for judgment rendered by the Lower Court:
"Petitioner is the holder of a promissory note executed on March 8, 1971, by Charles Courtney, Sr., and the above-named corporations, in the amount of $91,207.89. The note is payable to the order of American Bank ninety days after date, stipulating to bear interest at the rate of eight and one half percent per annum from date, until paid. The note further provides for the payment of ten percent for attorneys fees in the event of default.
Petitioner is the owner and holder, as additional security, of the following, to-wit: a $50,000.00 collateral mortgage note dated August 4, 1965, paraphed with an act of collateral mortgage covering a leasehold interest on property described therein; a $20,000.00 chattel mortgage note dated April 1, 1970, paraphed with an act of collateral chattel mortgage covering various equipment described therein; and a $30,000.00 chattel mortgage note dated June 1, 1966, paraphed with an act of collateral chattel mortgage covering equipment described therein.
On May 12, 1969, Charles Courtney, Sr., executed a note in the amount of $30,000.00, endorsed by Herbert Courtney, but otherwise unsecured. This note was subsequently reduced by payments to a balance of $20,000.00, which forms a part of the total indebtedness involved in this lawsuit. In connection with the above transaction, defendant Herbert Courtney executed a continuing guaranty on the first $20,000.00 of the total indebtedness owed by Charles Courtney, Sr., and the Blue Bird Drive-In, Inc., to American Bank. The guaranty was signed by Herbert Courtney on March 8, 1971, and is filed in evidence as `P-9'.
The principal debtors defaulted and the entire debt is presently due. Petitioner alleges that Charles Courtney, Sr., Blue Bird Restaurant and Lounge, Inc., Blue Bird Drive-In, Inc., and Blue Bird of Nicholson, Inc. are liable to it, in solido, in the full sum of $91,207.89, together with interest and attorneys fees. Petitioner further alleges that under the terms of the guaranty, Herbert *722 Courtney is liable, in solido, with Charles Courtney and Blue Bird Drive-In, Inc., in the sum of $20,000.00, with interest and attorneys fees.
The only issue this Court feels necessary to determine is whether the continuing guaranty shall be given effect and, if so, the extent of Herbert Courtney's liability thereunder.
The Courts have long recognized that in Louisiana contract of guaranty is similar, if not equivalent, to a contract of suretyship. In both, there is an engagement to answer for the debt, default, or miscarriage of another, and for this reason the terms `surety' and `guarantor' or `guaranty' are often used interchangeably. Brock v. First State Bank and Trust Company, et al, 175 So. 569, 187 La. 766 (1937), Rehearing denied; Siben v. Green, 8 So.2d 706 (La.App. Orleans 1942).
Defendant guarantor's principal contention is that no contract of guaranty was ever confected between the parties because there was no meeting of the minds on material provision of the agreement. He relies on La.C.C. Article 1945(4) which, in effect, provides that absent the common intent of the parties, there is no common consent and, consequently, no contract.
Contracts of guaranty or suretyship are subject to the same rules of interpretation as contracts in general. La.C.C. Article 1945 sets the basic rules of contract interpretation:
`Article 1945. Legal agreements having the effects of law upon the parties, none but the parties can abrogate or modify them. Upon this principle are established the following rules:
`FirstThat no general or special legislative act can be so construed as to avoid or modify a legal contract previously made;
`SecondThat courts are bound to give legal effect to all such contracts according to the true intent of all the parties;
`ThirdThat the intent is to be determined by the words of the contract, when these are clear and explicit and lead to no absurd consequences;
`FourthThat it is the common intent of the partiesthat is, the intention of all that is to be sought for; if there was a difference in this intent, there was no common consent and, consequently, no contract.'
Defendant guarantor argues that there is lack of common intent insofar as the meaning of the first sentence of the last paragraph of the guaranty. The sentence reads as follows:
`This Continuing Guaranty will guarantee only the first $20,000.00 on the indebtedness of Charles Courtney or Blue Bird Drive-In, Inc.'
Defendant contends that this was intended to limit the general terms of the guaranty making it a guaranty of collection or conditional guaranty, rather than a guaranty of payment or absolute guaranty.
As this Court appreciates the distinction between the two, an absolute guaranty exists whenever the guarantor binds himself in solido with the principal debtor or when he waives the benefit of discussion and division. Under such a contract, the guarantee may proceed directly against the guarantor immediately upon the default on the principal debtor.
A conditional guaranty, on the other hand, obligates the guarantor to discharge the principal's debt only in the event that the creditor is unable to recover payment through legal action against the debtor. Under the contract, the guarantor is entitled to a discussion of the debtor's effects.
An examination of the continuing guaranty is necessary to determine the effect of the *723 last paragraph therein. The contract pertinently provides in part:
`In consideration of American Bank and Trust Company ... giving or extending terms of credit to Charles Courtney or Blue Bird Drive-In, Inc., hereinafter called debtor, we hereby give this continuing guaranty to the said American Bank ... for the payment in full ... of any indebtedness... of said debtor ... up to the principal amount of Twenty Thousand and No/100 dollars ... The Bank shall not be bound to exhaust its recourse against the debtor or other persons or upon the securities it may hold before being entitled to payment from the undersigned of the amount hereby guaranteed. We do furthermore bind and obligate ourselves ... in solido with said debtor, for the payment of said indebtedness precisely as if the same had been contracted and was due or owing by us in person, hereby agreeing to and binding ourselves ... by all terms and conditions in any note or notes signed or to be signed by said debtor, making ourselves a party thereto; hereby waiving ... notice of any act to establish the liability of any party of any ... paper, indebtedness or obligation covered by this guaranty; we do further waive ... all pleas of discussion and division and we agree to pay upon demand at any time to said Bank ... the full amount of said indebtedness up to the amount of this guaranty ...

`It is expressly agreed that this continuing guaranty is absolute and complete. . .'
`This Continuing Guaranty will guarantee only the first $20,000.00 on the indebtedness of Charles Courtney or Blue Bird Drive-In, Inc. Monthly payments are to be approximately $1,700.00 monthly interest included. Upon reduction of the principal balance, through payment of these monthly payments, this Continuing Guaranty will become null and void.' (Emphasis supplied).
A safe rule of construction of a guaranty is to give the instrument that effect which shall best accord the intentions of the parties, as manifested by the terms of the guaranty, taken in connection with the subject matter to which it relates, neither enlarging the words beyond their import in favor of the creditor, nor restricting them in aid of the Surety. Continental Supply Co. v. Tucher-Rose [Tucker-Rose] Oil Co., 83 So. 892, 146 La. 671 (1920); Central Savings Bank and Trust Company v. Hamilton, 161 So. 658 (La.App. 2nd cir. 1935).
This Court feels that it was the intention of all parties, as manifested by the clear and precise terms of the contract, that Herbert Courtney was to assume an absolute obligation of guaranty. There is nothing in the entire agreement (inclusive of the added language) which interpreted in a normal and ordinary sense in relation to the whole suggests that the minds of the parties did not meet and mutually consent on the element of absolute guaranty.
The added last paragraph simply clarifies the guarantor's intention to guarantee only the first $20,000.00 of the total indebtedness. The liability of the grantor will be reduced as the principal of the note is reduced in any manner so as to terminate the grantor's liability when the first $20,000.00 has been paid. The added language makes no reference to absolute or conditional guaranty. For this Court to extend its meaning so as to place a condition upon the guarantor's liability would be an unsupportable restriction of the words of the contract in favor of the Surety. This, the Court cannot and will not do.
Defendant, on direct examination, stated that he was not present during the negotiations between American Bank and Charles Courtney, and was not even apprised of the *724 terms of the loan contract. However, he also testified on cross that he felt obligated for the $20,000.00. Further, he testified that he did not really consider the assets of the company in signing the guaranty, but rather it was a `personal thing.'
Herbert Courtney was afforded an opportunity to read the contract and after doing so refused to sign until it was made clear that his liability extended only to the first $20,000.00 of indebtedness. Defendant guarantor then signed the contract thereby binding himself to the terms thereof. It is well established by our courts that signatures to obligations are not mere ornaments, and parties who sign obligations must expect to be held liable according to their tenor. Commercial National Bank v. Richardson, 113 So. 152, 163 La. 933 (1927). Rehearing denied.
In the opinion of this court, the elements of absolute guaranty and a limitation of the amount guaranteed to the first $20,000.00 of indebtedness are not inconsistent, therefore, defendant's contention that there was no meeting of the minds must be rejected, it being shown that the mutual intention of the parties is clear from the language of the valid contract. Under the terms of the contract, Herbert Courtney obligated himself as absolute guarantor for the first $20,000.00 of indebtedness.
Defendant guarantor further contends that American must first exhaust its remedies against the principal debtor before seeking recovery from him. The effect of this argument is to repeat the contention dealt with above. This Court has already determined the continuing guaranty to be absolute in nature, thus obliging the grantor insolido with the principal debtor.
It is well established that an absolute and unconditional guaranty gives the holder thereof the right to immediately proceed against the guarantor on the maturity or dishonor of the note. Brock v. First State Bank and Trust Company, (supra); La. C.C. Articles 3045 [La.C.C.P. Article] 5152.
Defendant's next contention is that there exists an inconsistency between the contract of loan and the guaranty regarding the terms of payment.
The guaranty contemplates monthly payments of approximately $1,700.00. The promissory note, however, is payable on or before ninety days. Testimony indicates only a slight reference to monthly payments after the ninety-day period expired. Mr. Roy Heil of American Bank testified that it was his intention to make the first monthly payment due at the expiration of the ninety days. This Court feels that any inconsistency in this respect did not result in any damage to the defendant guarantor.
Defendant contends, in the alternative, that the above inconsistency has the effect of prolonging the terms of payment without his consent, thereby releasing him pursuant to La.C.C. Article 3063.
Assuming, arguendo, the Bank had granted the principal debtor an extension, such would not have violated the guaranty contract. The contract expressly provides:
`The Bank may, in its judgment, grant extensions ...'
Nothing in the added language alters the foregoing provision.
Further, the solidary guarantor is not entitled to the benefit of Article 3063. See Bonart v. Robito [Rabito], 76 So. 166, 141 La. 970 (1917).
Defendant Herbert Courtney also contends alternatively that the note used on is ambiguous and further that petitioner accepted property in payment from the principal debtor. These contentions have not been supported by the evidence or testimony and must be rejected.
For these reasons, judgment will be rendered in favor of plaintiff, American Bank & Trust Company, and against Defendants Charles E. Courtney, Sr., Blue Bird Restaurant and Lounge, Inc., Blue Bird Drive-In, Inc., and Blue Bird of Nicholson, Inc., *725 in solido, in the full sum of $91,207.89, with interest thereon from March 8, 1971, until paid, at a rate of eight and one-half percent per annum, together with ten percent additional on principal and interest as attorneys fees, and for seventy-five percent of the costs of these proceedings; further, judgment will be rendered in favor of plaintiff, American Bank and Trust Company, and against defendant, Herbert E. Courtney, in solido with Charles E. Courtney, Sr., and Blue Bird Drive-In, Inc., in the sum of $20,000.00, together with interest thereon at the rate of eight and one-half percent per annum from June 8, 1971, until paid, together with ten percent additional upon principal and interest as attorneys fees, which $20,000.00 is included in the indebtedness of $91,207.89 due petitioner by the defendants other than Herbert E. Courtney, and the said $20,000.00 comprises the first portion of the larger indebtedness. Twenty-five percent of the costs of these proceedings is to be paid by defendant, Herbert E. Courtney.
Judgment will further be rendered maintaining the writ of sequestration previously issued herein, recognizing plaintiff's rights in and to its mortgages to secure the payment of the aforesaid amounts, including principal, interest, attorneys fees and costs, against the property described in said mortgages, that in accordance with the law the property be sold by the Sheriff of East Baton Rouge, Parish, Louisiana, at public auction with appraisement for cash to the highest bidder; and that out of the proceeds of the sale petitioner be paid by preference and priority over all other persons the amount of its claim, and that if the amount received from the sale is not sufficient to pay petitioner's claim in full, that the amount realized from the sale be credited on the judgments rendered herein, the unpaid balance of the judgments to be executory and enforceable in accordance with law."
In the brief filed by the defendant, Herbert E. Courtney, in this Court, he alleges error on the part of the Lower Court as follows:

SPECIFICATIONS OF ERROR
I. The trial court erred in finding a common intent and a resulting contract of guaranty.
II. The trial court erred in finding appellant solidarily liable with the principal debtors.
Both of the Specifications of Error were well considered by the Lower Court and we are of the opinion that its findings thereon are correct.
For the reasons hereinabove signed, the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by defendant.
Affirmed.