298 So.2d 884 (1974)
LOUISIANA BANK & TRUST COMPANY, Plaintiff-Appellee,
v.
Mrs. Jewel B. BOUTTE et al., Defendants-Appellants.
No. 4596.
Court of Appeal of Louisiana, Third Circuit.
June 28, 1974.
Rehearing Denied September 4, 1974.
*885 Donald J. Tate of Tate & Tate, Mamou, for defendants-appellants.
Reggie & Harrington by Oscar W. Boswell, II, Crowley, and Edwards, Stefanski & Barousse by Homer E. Barousse, Jr., Crowley, for plaintiff-appellee.
Before FRUGÉ, DOMENGEAUX, and WATSON, JJ.
FRUGÉ, Judge.
This action arises out of a suit instituted by plaintiff against several signatories to a continuing guaranty executed in plaintiff's *886 favor on May 18, 1962. Subsequent to this date, and prior to institution of this suit, a compromise agreement hereinafter referred to, was entered into by and between plaintiff and certain signatories to the above continuing guaranty. Defendant relied upon said agreement, as well as other defenses, to preclude personal liability. The liability of defendant signatory, Matthew L. Hanagriff, however, was proved to the satisfaction of the lower court and judgment was rendered against him in the amount of $50,000. From this adjudication, defendant, Hanagriff, has appealed. We amend and affirm.
Parenthetically, this suit is one of several which this court has dealt with concerning the demise of the Rex Rice Company, Inc., and circumstances arising out of its failure. See Louisiana Bank & Trust Co. v. Roanoke Rice Co-Op., 247 So.2d 632 (La.App. 3rd Cir. 1971); Security Bank & Trust Co. v. Roanoke Rice Co-Op., 298 So.2d 883 (La.App. 3rd Cir. 1974), consolidated with Louisiana Bank & Trust Co. v. Roanoke Rice Co-Op., 298 So.2d 868 (La. App. 3rd Cir. 1974).
The problems presented by this lawsuit derive from an instrument confected on May 18, 1962, in which Jack R. Smith, Matthew L. Hanagriff, Hattie F. Broussard, and Mrs. Jewel B. Boutte executed a guaranty in favor of plaintiff bank for credit which plaintiff extended to Rex Rice Company, Inc. (hereinafter "Rex Rice"), up to the amount of $200,000. Among other conditions therein contained, these parties obligated themselves in solido, in addition to their status as surety, to secure the indebtedness of Rex Rice.
The following issues are raised on appeal for our determination.
1. Is the continuing guaranty instrument subject to the prescriptive period provided by Louisiana Civil Code Article 3540?
2. Did the compromise agreement, effected between the other defendant signatories and plaintiff, release the principal obligor, Rex Rice, yet contain a valid reservation of rights against defendant Hanagriff?
3. Was sufficient evidence presented by plaintiff as to an indebtedness due and owing by defendant in this matter?
4. Was the trial court correct in its assessment of the amount due by defendant under the facts and legal undertakings of the parties hereto?
5. Are damages and attorney's fees legally due defendant by reason of the wrongful issuance and maintenance of a writ of resident attachment of defendant's property?
An understanding of the issues raised requires a knowledge of the following facts. Defendant, Hanagriff, was a director and stockholder of Rex Rice Company, Inc., and the other guarantors, who signed the instrument in question, were officers, directors, and/or stockholders of Rex Rice. While the signatories to the continuing guaranty involved herein also signed two other subsequent continuing guaranties, defendant, Hanagriff, signed only the continuing guaranty of May 18, 1962.
Subsequent to the institution of suit on March 25, 1969, all other defendant signatories to these proceedings were released as a result of a compromise agreement signed in December, 1969, involving numerous parties. As a consequence of this settlement, plaintiff bank received substantially all of the assets belonging to Jack Smith, Jewel B. Boutte, and Hattie F. Broussard, the other signatories of the continuing guaranty agreement in question. The compromise agreement contained a specific reservation of the rights of plaintiff bank to proceed against defendant, Hanagriff, under the continuing guaranty provisions.
Defendant, Hanagriff, has challenged the trial court's determination of the legal *887 effect to be given the stipulation of solidarity contained in the guaranty agreement. It is defendant's contention that the release of Rex Rice, the principal debtor, had the legal effect of releasing him, and that the words of "solidary obligation" were merely inadvertently included.
Under La.C.C. Art. 2205 "The remission or even conventional discharge granted to a principal debtor, discharges the sureties." However, under La.C.C. Art. 2203, "The remission or conventional discharge in favor of one of the codebtors in solido, discharges all the others, unless the creditor has expressly reserved his rights against the latter. In the latter case, he cannot claim the debt without making a deduction of the part of him to whom he has made the remission." Under these two authorities, if the defendant was merely a surety, the release of the principal debtor would have had the effect of releasing him. However, if actually a debtor in solido, defendant would not be discharged by reason of the specific reservation by the creditor of his rights to proceed against him.
The continuing guaranty herein sued upon contains an express stipulation of liability in solido. (La.C.C. Art. 2093.) Under the Louisiana jurisprudence, "A contract of guaranty in this state is equivalent to a contract of surety." See Brock v. First State Bank & Trust Company, 187 La. 766, 175 So. 569, 570 (1937). With the aforesaid in mind, the remaining question involves the effect to be accorded the stipulation of liability in solido.
Defendant asserts impairment of the subrogation rights of the surety who has bound himself in solido as a predicate for relieving him of the legal effect of his solidary engagement. Under defendant's position, the solidarily bound surety is unable to utilize the provisions of La.C.C. Arts. 2161 and 3061, which provide for subrogation to the creditor's rights to the full extent of the surety's payment of the debt and for the surety's discharge when the creditor has acted so as to have prejudiced the subrogation rights, mortgages, and privileges which would have operated in favor of the surety. Defendant asks for relief for "... the surety who has inadvertently stipulated solidarity with the principal debtor...."
We have found La.C.C. Art. 3045 to be in point and controlling, where, as here, the surety has bound himself in solido. Under this article, "... the effects of his engagement are to be regulated by the same principles which have been established for debtors in solido." La.C.C. Art. 2203, providing for the reservation of rights against the solidary co-debtor, has application to the facts of this case. As such, defendant is bound by the legal agreement (the continuing guaranty) entered into with plaintiff, as this agreement has the effect of law between the parties. (La.C.C. Art. 1901.)
On the question of prescription, defendant has relied upon La.C.C. Art. 3540, which provides:
"Actions on bills of exchange, notes payable to order or bearer, except bank notes, those on all effects negotiable or transferable by indorsement or delivery, and those on all promissory notes whether negotiable or otherwise, are prescribed by five years, reckoning from the day when the engagements were payable."
Defendant asserts that, irrespective of the issue of negotiability, the continuing guaranty instrument is a form of promissory note and, as such, subject to the prescription of five years. In regard to this issue, we conclude that the status of this instrument and the very nature of the contractual undertaking preclude the applicability of the five-year prescriptive period. Moreover, assuming arguendo that the continuing guaranty was, in effect, a non-negotiable promissory note, it was not given as a pledge but as a contract of suretyship to suffice, not only as collateral for the *888 principal debt, but as a form of primary liability by reason of the solidary obligations assumed.
We find it not in the best interest of commercial transactions to expand the coverage afforded by La.C.C. Art. 3540. Under our law, the suretyship undertaking is vitiated by prescription of the principal obligation. Therefore, normally the suretyship obligation depends for its vitality upon the prescriptive period applicable to the primary obligation involved. La.C.C. Art. 3060. However, if contracts of solidary suretyship are to be prescribed by a certain designated prescriptive period, it would be best for it to come as a result of specific legislation rather than judicial proclamation. With commercial stability in mind, we feel it would produce an undue hardship if we were to conclude that the five-year prescriptive period applied in this case.
In regard to the validity of the reservation of rights by plaintiff against defendant, Hanagriff, we have found the compromise agreement in question to have most adequately reserved such legal claims as possessed by plaintiff. Without reciting at great length each reservation in its entirety, we point out the following legal reservations made by plaintiff.
In the preamble of the December, 1969, compromise (last paragraph), it is stated that the compromise is "... subject to the specific reservations herein-after made,...." In Paragraph 3-D plaintiff bank did reserve ".... all rights and actions which they [it] have [has] or may have against.... Matthew L. Hanagriff..., it being the intention of the ... banks [bank] to retain their individual causes and rights of action against the said debtors in solido." (Brackets ours.) In Paragraph 4C, plaintiff bank dismissed with prejudice its proceeding in this matter against Mrs. Jewel B. Boutte et al., "... only and only to the limited extent that said suit bears against Rex Rice Company, Inc., the said bank reserving onto [unto] itself all causes of actions [action] and remedies of law against all other parties made party to said suit, it being recognized, that all parties in said suit are solidarily obligors and, as such, the dismissal of the suit against Rex Rice Company, Inc., shall in no way prejudice or limit the claims and rights of action of the Louisiana Bank & Trust Company, Crowley, Louisiana, against the other solidary obligors, same being specifically reserved herein by said bank;...." (Bracket ours.)
Under Paragraph 9, entitled, "Release From Civil Prosecution", all parties styled "appearers", except plaintiff bank and Calcasieu-Marine Bank, released and relinquished all their claims against Matthew Hanagriff, Jewel B. Boutte, and Hattie F. Broussard. In subsequent parts of this compromise, it was specifically stated that the release of any solidary obligor signatory would not release a co-solidary obligor not a signatory thereto, and that the specific intent was to reserve all claims not specifically released. From the above and foregoing, the intent of the plaintiff bank was quite evident and by no stretch of the imagination can it be presumed that, through its compromise agreement, the plaintiff waived its right of action against defendant, Hanagriff.
In regard to the computation and assessment of liability by the trial court, we feel that an amendment of the judgment is in order. We recognize the relationship assumed under this continuing guaranty, by defendant, to encompass an undertaking of solidary liability among cosureties in conjunction with the principal obligor therein, Rex Rice. The trial court erroneously computed the total number of solidary obligors in adjusting defendant's liability. There were actually five solidary obligors rather than four; this difference in one requiring that the defendant be deemed liable for a sum of $40,000 as his virile share, rather than the sum of $50,000 as adjudicated by the trial court. La.C.C. Art. 2203.
*889 Defendant argues that payment has been made to plaintiff and that the presumption is that payment was in full, the burden being on plaintiff to show otherwise. Defendant cites La.C.C. Art. 3062, which provides that if a creditor voluntarily accepts immovable or any other property in payment of the principal debt, the surety is fully discharged. We do not find this apposite, as the defendant's liability was in solido as held in the preceding paragraphs, and this solidary obligation was maintained by plaintiff's timely reservation of its rights in the compromise agreement.
The defendant asserts that plaintiff had been "paid in full", and that the creditor cannot recover more than the principal debt. A review of the record before us leads us to the conclusion that plaintiff has been neither "paid in full" nor has it recovered more than the principal debt. As testified to by the plaintiff's cashier, the balance due on the Rex Rice, Inc., account at the time of the trial was some $477,021.46 and that all of this liability accrued after the date of the confection of the continuing guaranty to which defendant was a signatory. In regard to the burden of proof required under these circumstances, we feel that the plaintiff bank has discharged same adequately under the law.
Defendant has prayed for damages and attorney's fees on the basis of the invalidity of the issuance and maintenance of a writ of attachment affecting defendant's property. LSA-C.C.P. Art. 3506. Under the facts of this case, involving a closely held corporation with which defendant was intricately involved, the attachment's issuance was certainly proper. Testimony was adduced that the principal, Rex Rice, had disposed of assets to the prejudice of plaintiff's rights. By reason of the circumstances and complexities which existed, we are unable to conclude that the attachment was issued nor maintained erroneously. It is also pointed out that there is no evidence concerning any damages suffered by defendant as a result of the attachment.
For the above and foregoing reasons, the judgment of the trial court is amended to reduce the previously determined liability of defendant, Hanagriff, from the sum of $50,000 to the sum of $40,000, and, as amended, the judgment is affirmed. Defendant-appellant is to pay all costs of this appeal.
Amended and affirmed.