335 So.2d 482 (1976)
LIVINGSTON STATE BANK & TRUST COMPANY, Plaintiff-Appellee,
v.
STEEL-TEK, INC., et al., Defendants-Appellants.
No. 10809.
Court of Appeal of Louisiana, First Circuit.
June 30, 1976.
Martin C. Schroeder, Jr., Baton Rouge, for appellant.
Charles W. Borde, Jr., Denham Springs, for appellee.
Before SARTAIN, CHIASSON and EDWARDS, JJ.
SARTAIN, Judge.
Plaintiff, Livingston State Bank & Trust Company, instituted this suit against defendant, Cloy Construction Company, Inc., as an alleged guarantor, on a promissory note in the amount of $25,000.00 which plaintiff issued and held. The trial judge rendered judgment in favor of plaintiff for the principal amount as well as interest together with twenty-five percent of both principal and interest as attorney fees and all costs of this suit. We reverse for reasons stated herein.
Evidence adduced at trial indicates that on or about March 19, 1974, Steel-Tek, Inc., through its agents, Preston Ronald Ford and Gerald R. Dubois, contacted plaintiff seeking to obtain a loan of *483 $25,000.00 with which to purchase materials for subcontracting work. During the course of the negotiations Ford secured a letter from defendant which was addressed and presented to plaintiff and which stated the following:
 "March 15, 1974
"Livingston State Bank
Denham Springs, La.
Attention: Mr. Easterly
Dear Mr. Easterly,
Mr. Ford has requested that we submit a joint check upon completion of contract on Piggly Wiggly to Livingston State Bank and Steel-Tek Inc.
The contract for this job is approximately $43,000.00. He has requested a joint check for $25,000.00. Upon completion of the contract, Charles C. Cloy will issue a joint check payable as stated for the amount of $25,000.00. The monies for this job should be paid upon completion of delivery to job site. This should be in less than six months.
We are also indebted to Steel-Tek Inc. for over $10,000.00 retainage on work completed. These monies are also forthcoming in the next 60 days.
 Sincerely,
 /s/ Ronnie Hughes
 Ronnie Hughes"
Mr. Easterly, executive vice president of defendant bank, testified at trial that he considered this a "letter of credit" and upon the basis of this letter made a loan of $25,000.00 secured by a promissory note made and endorsed by Steel-Tek through its agents, Ford and Dubois, and by Ford and Dubois individually.
Subsequently, the makers defaulted on the note and judgment was entered against them for its amount. Plaintiff now seeks to hold defendant, Cloy Construction Company, liable as guarantor on the note on the basis of the letter set out hereinabove. Only defendant Cloy has sought review herein.
It is now settled in our law that a contract of guaranty in this state is equivalent to a contract of suretyship. Brock v. First State Bank & Trust Co., 187 La. 766, 175 So. 569 (1937). Suretyship is an accessory promise by which a person binds himself for another already bound and agrees with the guarantor to satisfy the obligation if the debtor does not. La.C.C. Art. 3035. Letters of credit manifesting the intention of one to be bound for the debts of another which are to be contracted in the future have been held to be valid contracts of suretyship. Continental Supply Company v. Tucker-Rose Oil Company, et al., 146 La. 671, 83 So. 892 (1920). See also, 13 T.L.R. 519 at p. 531.
However, suretyship can not be presumed. La.C.C. Art. 3039. While we feel that no technical form is required to be adhered to in the suretyship agreement, there still must be some clear manifestation of intent to act as surety. We find no such intention manifested in the letter upon which plaintiff alleges reliance herein or the abbreviated parole evidence offered at trial. The text of this letter merely indicates to us the extent to which defendant was bound to Steel-Tek and the extent to which it might be bound in the future when certain contracts were completed. It is true that defendant indicated it would make a check for $25,000.00 payable jointly to plaintiff and Steel-Tek upon completion of contract work. However, we can not construe this as a manifestation of intent to be bound for any debts of Steel-Tek. To do so would, in our opinion, stretch the bounds of reason and result in the presumption of a relationship in express contravention of our law.
We do not address ourselves to any other obligation to which defendant might be subjected as a result of this letter. Plaintiff instituted this action as a suit on a *484 promissory note and alleged defendant to be guarantor thereon. This relationship was simply not established.
For the above and foregoing reasons, the judgment of the trial court is reversed and set aside and the same is hereby entered in favor of defendant dismissing plaintiff's claim against it. All costs are assessed against plaintiff-appellee.
REVERSED AND RENDERED.