PONDER, Judge.
Defendants, Bert Garraway and Economy Carpets Manufacturers and Distributors, Inc., appealed from the judgment against them.
The issues are: the existence of surety-ship contract binding Garraway; alleged modifications in the contract by plaintiff and the amount of the award.
We affirm.
Defendant, Economy Carpets, ordered some carpet from plaintiff, who required a personal guaranty from defendant, Garra-way, before delivery. Defendant, Economy Carpets, failed to pay.
The first issue depends upon the effect to be given the following:
“Dear Mr. Garraway:
This letter is written in behalf of Carpet Co-op, Inc. of Dalton, Georgia.
In order for Carpet Co-op, Inc. to complete the proposed business transaction with Economy Carpets of Baton Rouge, Louisiana, Carpets Co-op, Inc. requests that you deliver to its agent your personal guarantee of payment within forty-five (45) days of delivery of certain agreed carpet. It is understood that the limit of your guarantee will be $40,000.00.
It is my understanding that a representative of Carpet Co-op, Inc. will deliver this letter and receive your guarantee personally within the next day or two.
Yours very truly,
MITCHELL, MITCHELL, COP-PEDGE, BOYETT, WESTER & BATES
/s/ Erwin Mitchell”
Defendant Garraway wrote on the bottom of the letter
“9/2/77
I agree to the terms and conditions set forth hereinabove.
/s/ D. Bert Garraway”
Defendant Garraway argues that this is not a valid suretyship contract but a promise to execute a suretyship agreement.
Jurisprudence interpreting surety-ship Articles 3036 and 3039 of the Louisiana Civil Code states as a general rule that the surety contract need not observe technical formalities. It must, however, express an intention by the party signing it to be bound. Livingston State Bank & Trust Company v. Steel-Tek, Inc., 335 So.2d 482 (La.App. 1st Cir. 1976); Ball Marketing Enterprise v. Rainbow Tomato Company, 340 So.2d 700 (La.App. 3rd Cir. 1976).
The letter was signed by Garraway as a condition precedent to the unloading of a truckload of carpet. Under the terms of the letter and the circumstances of the signing we agree that plaintiff and Garraway understood and intended that the letter be a present guaranty rather than expression of intent to sign a guaranty letter.
Garraway contends that even if a valid suretyship contract exist, modification of the principal contract by plaintiff’s delivery of the wrong carpeting has discharged his suretyship obligation.
There is conflicting testimony as to compliance of the plaintiff with the specifications of Economy Carpet’s order. The trial court chose to believe plaintiff’s witnesses and held that plaintiff complied with the specifications. We have examined the record and find that there is no error.
*155 Economy Carpets complains that plaintiff did not prove the value of the carpet. Again there was disagreement among the witnesses and the court chose to believe plaintiff’s contentions. The record supports this conclusion and we find no error.
For the above reasons the judgment of the trial court is affirmed at appellants’ costs.
AFFIRMED.